**Jesse Ben HALEY, Jr., Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69–C–23–D.**

United States District Court
W. D. Virginia,
Danville Division.

Aug. 8, 1969.

Cary J. Randolph, Martinsville, Va., for petitioner.

Curtis R. Mann, Asst. Atty. Gen., Richmond, Va., for respondent.

### OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Jesse Ben Haley, Jr., a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is currently serving a sentence of ten years in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Martinsville, February 17, 1966, wherein he was convicted of the crime of grand larceny. Petitioner, at the original proceeding, February 17, 1966, was banished from the State of Virginia. After petitioner re-entered the State the banishment was declared void and he was sentenced to ten years in the Virginia State Penitentiary, October 11, 1966. Petitioner did not appeal from the conviction, but subsequently sought a writ of habeas corpus in the State Court. After a full plenary hearing the Corporation Court of the City of Martinsville denied the writ, and on appeal that decision was affirmed by the Virginia Supreme Court of Appeals. The Supreme Court of Appeals in exercising original jurisdiction also denied a petition for a writ of habeas corpus, January 29, 1969. Thus petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner alleges his constitutional rights have been violated in three instances. The first allegation pertains to the original trial for grand larceny, February 17, 1966; the second pertains to a hearing regarding sentencing, October 11, 1966; and, the last attacks the habeas corpus proceeding in the Corporation Court of the City of Martinsville, June 19, 1967.

Petitioner in his first allegation says he was not in fact tried by the Circuit Court of the City of Martinsville for the crime of grand larceny and that he would not have pled guilty to this charge if he had not been promised the penalty of banishment. The order of the Circuit Court of the City of Martinsville dated February 17, 1966, very clearly shows that petitioner was indicted, arraigned, pled guilty in person, offered evidence, and was at all times present and represented by able counsel. This court feels there can be no doubt petitioner was tried and convicted of the crime of grand larceny.

Petitioner states, however, he would not have pled guilty if he were not informed that as a result of that plea he would be banished from the State of Virginia. The transcript of the hearing before the Corporation Court of the City of Martinsville on October 11, 1966, shows that the idea of banishment originated with petitioner's attorney and himself, and that they approached the Commonwealth's Attorney on this matter. The record also indicates that petitioner had had previous experience in court and, after consultation with an attorney, should have known full well that a plea of guilty, accepted by the court, is the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law. Petitioner, present in court, fully understanding what was being done, its import, and represented by a competent attorney, pled guilty to the crime of grand larceny. Furthermore, the transcript of the trial, February 17, 1966, also shows very clearly that the learned judge presiding at the trial expressly made it a matter of record that Jesse Ben Haley, Jr., the accused, fully understood the significance of the proceedings and that his attorney had discussed the matter with Mr. Haley and he "seemed delighted".

It does not appear that petitioner was deceived in any way. In fact, petitioner received exactly that for which he bargained. He was banished from the state and this penalty was lifted only when he re-entered the State of Virginia and vio-

lated the conditions of his sentence. At this time, not until petitioner himself violated the conditions of the sentence he requested, was a ten( year prison term substituted for the banishment. For the foregoing reasons this court finds no substance in the first allegation.

■ Petitioner's second allegation concerns illegal procedure in the hearing regarding sentencing, October 11, 1966. The court ruled that the sentence is a separate part of the proceeding, distinct from the original finding of guilty and consequently may be altered without a new trial. In Royster v. Smyth, 195 Va. 228, 77 S.E.2d 855 (1953), the court held that it was well settled that the sentence is separable from the conviction and if the sentence is void the judgment is not rendered void and a new sentence may be imposed. But petitioner contends that he was enticed by banishment to plead guilty and, therefore, should have received a new trial on the merits. The question of enticement has been discussed above. Petitioner was apprised of the gravity of a plea of guilty and was not forced to enter such a plea. Petitioner was also well aware of the condition imposed on him and he accepted this condition. On facts almost identical to those of the instant case, the Court of Appeals of Kentucky held that the convicted defendant who pleaded guilty and later violated the condition that he remain out of the country was subject to being taken into custody and sent to the penitentiary. Weigand v. Commonwealth of Kentucky, 397 S.W.2d 780 (1966), cert. denied, 384 U.S. 976, 86 S.Ct. 1870, 16 L.Ed.2d 686 (1966). Petitioner, knowing the consequences full well, violated the conditions of the sentence imposed on him and cannot, therefore, complain that he received less than due process.

■ Petitioner's third allegation is that he was denied due process in that he was not present at a preliminary hearing concerning a motion to dismiss a petition for habeas corpus in the Corporation Court of the City of Martinsville, June 19, 1967. It has been held that the presence of the accused is not required at the filing and hearing of preliminary motions and pleas in a criminal proceeding. People v. Kidd, 357 Ill. 133, 191 N.E. 244 (1934). However, habeas corpus, a civil not a criminal proceeding, is designed to challenge the validity of petitioner's detention and is not a continuation of the criminal prosecution. It is not, therefore, that stage of a criminal proceeding in which requires the presence of the accused. Smyth v. Godwin, 188 Va. 753, 51 S.E.2d 230 (1949), affirmed 181 F.2d 498, cert. denied, 337 U.S. 946, 69 S.Ct. 1503, 93 L.Ed. 1748 (1949). An accused has the right to be present when issues of fact are tried, but when matters of law are presented, his presence is not required, unless the trial court deems it necessary. Joseph v. Indiana, 236 Ind. 529, 141 N.E.2d 109, 69 A.L.R.2d 824 (1957), cert. denied, 359 U.S. 117, 79 S.Ct. 720, 3 L.Ed.2d 673 (1959). Therefore, petitioner's third allegation is without merit.

For the reasons above stated and upon mature consideration of the facts relied upon by petitioner, the court finds that petitioner received a fair and impartial trial with due process in which none of his constitutional rights were denied him.

Therefore, it is hereby adjudged and ordered that the petition for a writ of habeas corpus be, and hereby is, denied.