**UNITED STATES of America, Plaintiff,**

v.

**Richard THALMAN, Defendant.**

**No. 78–Cr–29.**

United States District Court,
E. D. Wisconsin.

Sept. 5, 1978.

---

Joan F. Kessler, U. S. Atty. by Stephen E. Kravit, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Herbert L. Usow and Timothy K. Tollaksen, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a motion for an order compelling specific performance by the government of its obligations under a plea agreement previously entered into with the defendant. The motion will be denied.

Sometime prior to May 23, 1978, the defendant and the prosecuting attorney entered into a plea agreement whereby the defendant would plead guilty to count 5 of a six-count indictment and the government would move to dismiss the remaining five counts. The government also promised that it would make no sentencing recommendation other than to comment on the seriousness of the offense in light of the defendant's employment as a law enforcement officer. In addition, counsel for the government promised that he would submit to counsel for the defendant in advance of the guilty plea proceeding a copy of the government's offer of proof to be used in establishing the factual basis for the guilty plea to count 5.

On May 23, 1978, the day of the plea proceeding before Chief Judge John W. Reynolds, counsel for the government submitted a copy of the offer to proof to the defendant's counsel only a short time before the proceeding was commenced, apparently because the lengthy document was belatedly prepared. The government's counsel then made the offer of proof after the defendant entered his guilty plea, and thereafter the court adjudged the defendant guilty of count 5 and dismissed the remaining counts on the motion of the government.

On May 26, 1978, the government's counsel informed the court by letter that the offer of proof contained an item of information based on the statement of a witness who had now recanted his testimony. The government requested that the court strike the matter from the offer of proof and ignore such matter in imposing sentence.

On June 1, 1978, the defendant filed a motion for an order striking certain information from the offer of proof as presented to the court at the guilty plea proceeding. Apparently, the motion was made after the plea proceeding because the defendant's counsel did not receive a copy of the government's offer of proof sufficiently in advance of the proceeding to read the document and place his objections before the court at that time. The motion was in part addressed to the information brought to the court's attention by the government's letter of May 27, 1978. However, the defendant's counsel also contended that the prosecutor had deliberately falsified information to convince the court that the offense was more serious than it was. The offer of proof was claimed to be in violation of the plea agreement because it referred to matters beyond those alleged in count 5. The government filed a brief in response stating that the content of the offer of proof was not a part of the plea agreement.

At the sentencing proceeding on June 5, 1978, the defendant's counsel argued again that the information in question should be stricken from the offer of proof. Judge Reynolds stated to counsel that he was inclined to treat the defendant's motion to strike as a motion to withdraw the guilty plea since the court viewed the motion as inconsistent with a guilty plea. The defendant's counsel stated that it was not the defendant's intention to withdraw his plea but rather to remove improper matter from the offer of proof so as not to affect the defendant adversely with regard to sentencing. In spite of the defendant's posi-

tion, the court refused to sentence the defendant and instead took the matter under advisement.

The following day, the defendant's counsel withdrew the allegation of deliberate falsification by the prosecuting attorney but, nevertheless, he urged that the information in question was untrue and was improperly included in the offer of proof. On June 9, 1978, Judge Reynolds issued a decision and order sua sponte vacating the defendant's guilty plea and conviction of count 5 of the indictment. The court also vacated the order dismissing the other 5 counts and dismissed the defendant's motion to strike as moot. The case was also ordered reassigned to another judge since Judge Reynolds had already reviewed the presentence report.

In his decision vacating the guilty plea, Judge Reynolds stated as follows:

"A guilty plea which is entered pursuant to a plea agreement which is broken by the Government, whether before or after the plea, cannot be permitted to stand. *United States v. Hammerman*, 528 F.2d 362 [326] (4th Cir. 1975); *Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975); *Macon v. Kraven* [*Craven*], 457 F.2d 342 (9th Cir. 1972). Whether or not the plea agreement between the Government and Mr. Thalman was in fact broken, which is a question the court does not decide, the defendant's present position that the plea [agreement] was broken at or before the hearing on May 23, 1978, and the further implication in [defendant's counsel's] affidavit that the defendant did not object at that time only because he was taken by surprise by the lengthy offer of proof, necessitates a finding that the plea was not knowingly made when entered. It would be a violation of Rule 11 of the Federal Rules of Criminal Procedure, as well as of the Fourteenth Amendment, for the court to permit to stand a judgment of guilty entered on the basis of a plea not knowingly made."

After the entry of such order, the case was reassigned to this branch. The defend-ant's present motion is prompted by the government's refusal to offer the same plea agreement terms as were previously negotiated by the parties.

The defendant urges that the court should order the government to reinstate the prior plea agreement under principles of equitable estoppel. He argues that the prosecutor induced him to enter a guilty plea by promising to drop all other charges against him and that "as a result defendant suffered a change of position to his substantial and irrevocable detriment" in the form of adverse publicity, the loss of a speedy trial, additional attorney's fees and prolonged mental anguish. The defendant relies on the following language from *United States v. Goodrich*, 493 F.2d 390, 393 (9th Cir. 1974):

"[W]hen the prosecution makes a 'deal' within its authority and the defendant relies on it in good faith the court will not let the defendant be prejudiced as a result of that reliance."

The court's language just quoted broadly summarizes several cases concerning broken promises of immunity or fraudulently obtained guilty pleas. Implicit in the principle stated by the court of appeals for the ninth circuit is the assumption that the prosecutor must be responsible in some way for the failure of the "deal" to be consummated, such as a failure to perform an obligation under the terms of the plea agreement. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Tracey v. Janco*, 351 F.Supp. 836 (N.D.W.Va.1972).

In the instant case, Judge Reynolds made no finding as to whether the plea agreement was violated by the government. Although the defendant claims he has been prejudiced as a result of this episode, *nowhere does he state specifically in his present motion that the prosecutor violated the plea agreement.* Under these circumstances, I am not persuaded that the government should be estopped from "withdrawing" from or failing to renew the prior plea agreement.

**310**

In his reply brief, the defendant argues that a plea bargain is a contract between plaintiff and defendant, and "once formed . . . the agreement can be terminated only by the common consent of both parties or by impossibility of performance by one of the parties." Although *Santobello* approved plea bargaining and provided for specific performance as a remedy for a breach by the prosecution, I do not believe that *Santobello* can be construed to mean that the entire body of contract law is to be incorporated into the law of criminal procedure. The guiding principle remains "fairness in securing agreement between an accused and a prosecutor." *Santobello*, supra, 404 U.S. at 261, 92 S.Ct. at 498.

I am not convinced that the defendant has been unfairly treated by the government in this case. Upon the government's discovery of an error in the offer of proof, the prosecutor promptly informed the court and requested that the erroneous information be stricken and ignored. In my opinion, none of the other circumstances of the case support a conclusion that the defendant has been treated unfairly.

I am not persuaded that the defendant has suffered irrevocable detriment. If the defendant believes he has been deprived of a speedy trial, he is free to file a motion to dismiss the indictment on that basis. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The defendant has already received some degree of judicial protection from adverse publicity through a prior order in this case limiting the areas from which members of the jury panel will be chosen. The economic and emotional adversities suffered by the defendant as a result of lengthy legal proceedings are an unfortunate but unavoidable consequence of our adversary system of justice. Finally, if the defendant persists in his disagreement with the government as to the facts underlying the charges in the indictment, he will enjoy the right to a jury trial clothed with the presumption of innocence and all the other constitutional safeguards which attend criminal proceedings.

For the foregoing reasons,

IT IS ORDERED that the defendant's motion for specific enforcement of the plea agreement be and hereby is denied.