**UNITED STATES of America, Appellee,**

v.

**Edgar C. McINTOSH, Jr., Appellant.**

**No. 79–5036.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1979.

Decided Dec. 18, 1979.

Charles W. Schoeneman, Washington, D. C., for appellant.

Janet Hall, Asst. U. S. Atty. (William B. Cummings, U. S. Atty. and Stephen R. Barnett, Sp. Asst. U. S. Atty., Washington, D. C., on brief), for appellee.

Before HALL, PHILLIPS and MURNA-GHAN, Circuit Judges.

K. K. HALL, Circuit Judge:

Edgar C. McIntosh, Jr. appeals his *federal* tax evasion convictions for failure to report gambling income under 26 U.S.C. § 7201. He contends that prosecution should be barred because a *state* prosecutor promised his attorneys that no *federal* charges would follow his plea of guilty to gambling charges in *state* court. The district court conducted an evidentiary hearing and held against appellant, finding that the promise was not made in fact. Also, the district court ruled that even if the promise had been made, it would not be binding on federal prosecutors because there was no authority for the state prosecutor to make it. We agree and affirm.

Appellant was charged in a Virginia court for running a gambling operation on his business premises. Before plea bargaining could be finalized by his first attorney, appellant was arrested a second time and charged with continuing the gambling operations. A second attorney was retained, who, along with the first, accompanied appellant to the courthouse on the day scheduled for his state trial. In a hallway, the defense attorneys and the prosecutor discussed the possibility of entering a plea rather than going to trial. The three attorneys struck a bargain and appellant immediately entered his plea in court.

At the evidentiary hearing conducted on the federal tax evasion charges, appellant attempted to prove the substance of the state court plea bargain. One defense attorney testified that he thought the prosecutor promised to pay $3,000, which had been seized as evidence of gambling, to the Internal Revenue Service, and "to clear [appellant] with the IRS." The other defense attorney testified:

THE WITNESS: [The state prosecutor told] me that Internal Revenue would not get involved with this case only with the exception that they would take the $3,000 and that would consummate the affair and he would not be prosecuted.

THE COURT: [He] told you that he would not be prosecuted by the Federal authorities?

THE WITNESS: I don't know if he used the term federal authorities.

THE COURT: Use the term he told you.

THE WITNESS: By the Internal Revenue.

Appellant testified that his attorneys had "guaranteed" him no federal prosecution would follow his state court plea.

Noticeably absent was any evidence to show there was authority granted by any federal official for the promise. At no time, before or after the plea, did either defense attorney contact a United States Attorney or IRS official about federal charges which might arise out of their client's plea in state court. Also, it is clear that federal authorities had done nothing to imbue the state prosecutor with apparent authority, and there appellant's argument must fail.

Furthermore, here, neither attorney stated whether the prosecutor himself had represented that he might have such authority. One attorney testified that he could not recall whether or not the prosecutor claimed to have had prior negotiations with authorized federal officials, but the attorney remembered the prosecutor said he had a brother-in-law who was a local IRS agent.

The state prosecutor testified that his only call to the IRS concerning appellant was after the plea was entered and it was made to an agent, who was his brother-in-law. He remembered it was made after the plea because it followed a reminder call from one of the defense attorneys.

The IRS agent had no recollection of the date of the call, but he agreed with the state prosecutor's testimony that their discussion was limited to appellant's tax liabilities and whether or not the money seized by the state could be used to satisfy them.

The state prosecutor denied any promise "to clear [appellant] with the IRS" or to have federal authorities forego criminal prosecution. He claimed that he promised the money seized by the state would voluntarily be turned over to the IRS to satisfy any jeopardy assessments arising out of the

admitted gambling activities. It is not disputed that the money was released by the state officials.

The district court credited the prosecutor's version of the bargain, and appellant contends his finding, based upon an assessment of the credibility of the witnesses, is clearly erroneous. Also, more importantly for this appeal, he argues that the very fact a state prosecutor might make a promise to prevent federal prosecution is sufficient to bar it so long as the promise was made and was reasonably believed by his attorneys. For this contention, he relies upon *Cooper v. United States*, 594 F.2d 12 (4th Cir. 1979). His reliance is misplaced.

In *Cooper*, an Assistant United States Attorney offered a certain plea bargain for federal charges to Cooper's defense attorney, who in turn solicited its acceptance from Cooper. Before Cooper's attorney could convey acceptance to the prosecutor, the offer was withdrawn. We held that the technical rules of offer and acceptance in contract law should not defeat a criminal defendant's personal acceptance, since, under the facts presented, it could irreparably affect the defense attorney's credibility, impairing the effectiveness of his representation.

The issues here do not involve technical rules of contract; they concern the content of the plea bargain and whether any authority existed which could make it binding on parties who were not privy to it. These issues were not presented in *Cooper*, and we do not think its thoughtful analysis leads to the proposition that authority to make an offer to forego prosecution can rest upon a subjective belief of the defendant or his counsel.

Contrary to appellant's argument, *Cooper* does not shun fundamental contract and agency principles where the content and validity of a plea bargain is at issue.

The fairness of any voluntary agreement turns upon the parties' expectations, first, that it will be honored by the other party and, second, that redress is available when necessary in the courts.

*Santobello v. New York*, 404 U.S. 257, 260–62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). With predictability and reliance as the foundation of plea bargaining itself, we must apply fundamental contract and agency principles to plea bargains as the best means to fair enforcement of the parties' agreed obligations. Where, such as in *Cooper*, some technical rule works directly to impair a defendant's personal acceptance of an offer and deny a substantial right such as effective assistance of counsel, we will distinguish the application of such rules to the facts before us.

But as here, where the content of a plea bargain and the authority for its offer are at issue, we think traditional precepts of contract and agency should apply. No authority to settle appellant's federal criminal liabilities was vested in the state prosecutor by *federal prosecutors*, either in fact or appearance. *United States v. Long*, 511 F.2d 878 (7th Cir.) *cert. denied*, 423 U.S. 895, 96 S.Ct. 196, 46 L.Ed.2d 128 (1975). A bare representation by an unauthorized party cannot bind federal prosecutors to forego prosecution. *Id.* at 881–82. The source of such requisite authority is vested by the Constitution in the federal executive and none other.

Finally, we think the district court's findings about the substance of the bargain are not erroneous.

The judgment of the district court is *AFFIRMED*.

JAMES DICKSON PHILLIPS, Circuit Judge, Concurring:

I completely agree with the result and with substantially all of the discussion in the majority opinion, but am sufficiently concerned about some of the implications that could be drawn from the majority's extensive characterization of our holding in *Cooper v. United States*, 594 F.2d 12 (4th Cir. 1979), that I write to note my own understanding of the relevance of that decision to the decision here.

*Cooper* is completely distinguishable. In that case, we undertook to deal head-on

with the extent to which common law contract principles might properly be drawn upon to determine whether the constitutional rights to fairness in plea negotiations, recognized in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), had been violated. Recognizing the inevitable attractiveness and general utility of contract law analogies in defining the scope of constitutional right in a context having so many aspects of commercial "bargaining," we nevertheless rejected the notion that common law contract analogies could properly be used as the exclusive determinant of constitutional right. Specifically, we held that while constitutional right would ordinarily be found to have arisen at any point where right measured by contract law would be found, it might arise earlier. Without attempting a general definition of the point short of contract right where constitutional right arose, we held on the specific facts of that case such a right had arisen and must be enforced.

Two critical aspects of the circumstances there presented are simply not present here and quite suffice to distinguish *Cooper*'s finding of right and violation. In *Cooper* there was no dispute that a specific, unambiguous proposal, not unreasonable on its face, had been made to the accused. Here the district court found, without clear error, that the proposal whose enforcement was sought by the defendant was not in fact made. In *Cooper* the apparent, and probably actual, authority of the person making the proposal to bind the very government pressing the charges in question was not in dispute. Here, there was no evidence of any actual authority in the state prosecutor to act on behalf of the United States, and no substantial evidence from which apparent authority based on the subjective and objective factors in play could validly have been found.

Underlying and giving content to the constitutional right defined and enforced in *Cooper* are expectations reasonably induced by government that its proposals respecting the liberty of persons accused of crime will be honored. Central to the assessment of reasonableness of expectations are the un-

ambiguity and authority with which the proposals are made. Both of these critical elements in the constitutional fairness equation were present in *Cooper* and are lacking here. Consequently, the district court did not err in finding no constitutional right requiring enforcement.