UNITED STATES of America

v.

Deloria A. McLAUGHLIN.

Crim. No. M–80–0405–R.

United States District Court,
D. Maryland.

Feb. 24, 1981.

Russell T. Baker, Jr., U. S. Atty., and Ellen L. Hollander, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, and Stanley J. Reed, Asst. Federal Public Defender, Baltimore, Md., for defendant.

## MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

Defendant was indicted by the grand jury on November 5, 1980, and charged with five counts of embezzlement. 18 U.S.C. § 656. Each count concerned a separate offense and involved separate dollar amounts embezzled from defendant's employer, the Union Trust Bank.[1] Defendant was arraigned on November 14, 1980, and pled not guilty to all counts.

This matter came before the court on defendant's motion for specific performance of a plea agreement.[2] A hearing was held on February 13, 1981, at which time the court heard argument from counsel as to whether an agreement had been reached and the effect on the agreement, if any, of paragraph seven and defendant's reservation of rights under Rule 35, F.R.Crim.P. By Order dated February 19, 1981, the court granted defendant's motion.

---

1. Paper No. 1.

2. Paper No. 17. For the Government's response, *see* Paper No. 19.

Plea bargaining has flourished in the federal courts since receiving Supreme Court approval in *Santobello v. New York*, 404 U.S. 257, 260–61, 92 S.Ct. 495, 497–98, 30 L.Ed.2d 427 (1971). However, this practice has spawned numerous problems concerning the substantive principles to be applied in order to protect the interests of both society and the accused.[3] *See generally* J. Bond, *Plea Bargaining and Guilty Pleas* (1975 & 1980 Supp.); Hyman, Bargaining and Criminal Justice, 33 *Rutgers L.Rev.* 3 (1980).

The events leading up to the filing and granting of defendant's motion for specific performance of the plea agreement are undisputed. The only dispute between the parties is what legal significance attaches to these events.

After defendant was arraigned on November 14, 1980, counsel discussed the possibility of a guilty plea by defendant. Defense counsel indicated that defendant was willing to cooperate with the Government and testify against her codefendant.[4] A tentative agreement was reached, conditioned upon defendant being debriefed by the Government and the Government's determination that defendant was truthful during the debriefing process. At the close of the debriefing on December 18, 1980, defendant and defense counsel were advised that it had been determined that defendant had been truthful and that a written plea offer would be forthcoming. One of the terms of the written plea offer would be for defendant to agree to make full restitution; that is, restitution for the entire amount charged in the indictment even though she would plead guilty only to one count. Defendant indicated her willingness to do so on December 18, 1980.

Shortly thereafter, the Government sent to defense counsel a written plea offer containing the previously discussed terms. The offer was already signed by counsel for the Government. Between the time defense counsel received the plea offer and January 18, 1981, counsel for both parties had several telephone conversations concerning the legality of paragraph seven. Defense counsel had some question as to whether, pursuant to 18 U.S.C. § 3651, the court could impose as a condition of probation the condition contemplated by paragraph seven of the plea offer. The Government took the position that "full" restitution could lawfully be imposed as a condition of probation where the defendant consented.

Paragraph seven states as follows:[5]

"Ms. McLaughlin agrees that she shall make restitution in the amount of One Thousand eight hundred eleven dollars and one cent ($1,811.01) which sum is equal to the total of the amount charged in the five (5) count indictment pending against her. She also agrees that restitution as set forth above shall be a condition of any probation which she may receive. If during her probationary period her probation officer concludes that she is financially unable to make full restitution, but that she could perform community services until the value of her services equals the amount of restitution due, Ms. McLaughlin agrees to perform such community services, as directed by her probation officer, and she agrees and understands that any failure by her to comply fully with such a direction from a probation officer shall constitute a failure to make full restitution and will thus be a violation of the conditions of probation."

On January 18, 1981, the date originally scheduled for defendant's rearraignment, defense counsel informed the court of his concerns over paragraph seven and his discussions with counsel for the Government. After being informed of the controversy

---

**3.** These aspects of plea bargaining are to be distinguished from those governed by Rule 11(e), F.R.Crim.P.; that is, the circumstances under which a court may accept or reject a plea and the related sentencing ramifications. *See, e. g., United States v. Adams*, 634 F.2d 830, 834–35 (5th Cir. 1981); *Bercheny v. Johnson*, 633 F.2d 473, 476–77 (6th Cir. 1980); *Unit-*

*ed States v. Jackson*, 563 F.2d 1145, 1146–48 (4th Cir. 1977).

**4.** The codefendant, Emmanuel B. McLaughlin, has pled guilty.

**5.** Paper No. 17, Ex. B at ¶ 7.

surrounding paragraph seven, the court suggested that the parties attempt to resolve the matter among themselves and set a trial date for February 4, 1981. The court stated it believed, but did not so rule, that the condition contemplated by paragraph seven would be a permissible condition of probation under 18 U.S.C. § 3651.

On January 21, 1981, defense counsel notified the Government that the offer had been accepted and that defendant intended to proceed according to its terms. Defense counsel also reiterated his concern over whether the court could impose full restitution under 18 U.S.C. § 3651 since defendant was pleading guilty only to one count. Defense counsel informed the Government that if the court did order probation and make full restitution a condition thereof, and should defendant be unable to make such restitution and be charged with a probation violation, defendant reserved her right to challenge the condition under Rule 35, F.R.Crim.P.

By letter dated January 22, 1981, the Government notified defense counsel that, in the Government's view, there was no plea agreement and that the case should proceed to trial.[6] By letter dated January 27, 1981, defense counsel notified the Government that defendant took the position that there was a valid plea agreement, and that defense counsel's indication that defendant reserved her Rule 35 rights did not affect the previously accepted agreement.[7]

On February 18, 1981, the court entered an Order granting defendant's motion for specific performance of the plea agreement and directing that the case be set for rearraignment. The court's reasons for entering the Order are as follows.

The Government's position is that although there was an offer whose terms were definite and unambiguous, defendant never unequivocally assented to its terms. According to the Government, defendant's lack of true assent is evidenced by defendant's reservation of rights under Rule 35. The Government also claims that defendant's lack of true assent is manifested by her refusal to agree to alternative plea arrangements that would remove any question of the legality of full restitution as a condition of probation.

■ The Government's arguments are misdirected. In determining whether an agreement has been reached, the court must focus on whether there was a bargained for exchange and whether both parties agreed to perform the terms of that exchange. As previously indicated, there is no question as to the terms of the Government's offer. Basically, the Government agreed to dismiss counts II through V and make no recommendation as to a sentence. Defendant agreed to plead guilty to count I and make restitution for the full amount charged in the indictment. Defendant also agreed that if the court placed her on probation that full restitution would be a condition thereof and that her failure to make full restitution would constitute a probation violation. According to the agreement itself "[t]here are no other agreements, promises, undertakings, or understandings between Ms. McLaughlin and the government."[8]

■ Paragraph seven was certainly a material term, and both parties intended that it would be part of the plea agreement. Both parties understood this throughout the plea negotiations, at the time defendant signed the document on January 12, 1981, and on January 21, 1981, when defense counsel communicated defendant's acceptance to the Government. Further, both parties were also aware, at all relevant times, that defense counsel had some question as to the legality of the court ordering full restitution as a condition of probation. Nevertheless, defense counsel's concerns over the legality of a particular type of sentence, not yet imposed, does not mean that defendant never intended to perform her obligations under the plea agreement.

6.  Paper No. 19, Ex. 2.

7.  Paper No. 19, Ex. 3.

8.  Paper No. 17, Ex. B at ¶ 9.

On January 21, 1981, as well as on February 13, 1981, defendant, through defense counsel, agreed in fact that she would make full restitution and that if the court placed her on probation, full restitution would be a condition of that probation.[9] Defense counsel, in response to a question from the court, stated on February 13, 1981, that his research had not disclosed any cases holding the probation condition invalid under the circumstances and that his present opinion was that such condition is a legally valid one. The Government's offer, however, did not call for defendant to waive any rights she might have to challenge the legality of any sentence she might receive. Such a term was simply not within the contemplation of the parties and was not a term of the Government's offer. Therefore, any statements by defendant regarding Rule 35 rights cannot reasonably be said to constitute a negation of defendant's assent to the offer's terms. Moreover, assuming that full restitution would be an unlawful condition of probation in this case, it may well be that public policy considerations would not permit such an illegal sentence to stand on the ground that a defendant had waived the right to challenge it by entering into a plea agreement.[10] *Cf. Launius v. United States,* 575 F.2d 770, 772 (9th Cir. 1978) (parties cannot legitimize, through plea bargaining, the imposition of penalties in excess of statutory maximum); *Rutherford v. Blankenship,* 468 F.Supp. 1357, 1360–61 (W.D.Va.1979) (condition in plea agreement calling for defendant's banishment from jurisdiction is void as against public policy). The court concluded, therefore, that under traditional contract principles the parties entered into a binding agreement. *See United States v. McIntosh,*

612 F.2d 835, 837 (4th Cir. 1979); *Cooper v. United States,* 594 F.2d 12, 19 (4th Cir. 1979).

Since the relief sought by defendant was reasonable under the circumstances,[11] *Santobello v. New York,* 404 U.S. at 262, 92 S.Ct. at 498, defendant's motion for specific performance of the plea agreement has been granted.[12] *See Cooper v. United States,* 594 F.2d at 20; *United States v. Brown,* 500 F.2d 375, 378 (4th Cir. 1974).

---

**9.** Defendant has maintained consistently that she intends to fulfill her obligations under paragraph seven to the best of her ability.

**10.** The question of whether a defendant can waive, or this defendant has waived, rights granted under Rule 35 is not presented here, and the court here expresses no opinion on that issue.

**11.** The Government has not specified any actual prejudice it would suffer by the specific performance of this agreement. Simply be-

cause the Government is now dissatisfied with the bargain it made is not a ground to deny defendant the relief she seeks.

**12.** The court has not considered here the question of whether the plea of guilty to be proffered by the defendant to one count of the indictment must, or will, be accepted by the court, and the Order of February 19, 1981, should not be interpreted as a ruling on that question.