## ALEX ROJAS v. STATE OF MARYLAND

[No. 1664, September Term, 1981.]

*Decided September 10, 1982.*

The cause was submitted on briefs to ▌MACDANIEL and BISHOP, JJ., and PERRY G. BOWEN, JR., Associate Judge of the Seventh Judicial Circuit, specially assigned.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Malloy, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, William C. Rogers, III, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Glen Klavans, Assistant State's Attorney for Baltimore City,* for appellee.

BISHOP, J., delivered the opinion of the Court.

On November 25, 1981, Alex Rojas, the appellant, pleaded guilty to second degree rape in exchange for the State's agreement to drop other charges and recommend a certain sentence. The Criminal Court of Baltimore (Pines, J.) accepted appellant's plea and, following the State's recommendation, imposed a ten-year suspended sentence with five years' probation. Also in accord with the plea bargain, the court ordered as a condition of probation that Rojas, a resident alien from Venezuela, "leave the country within ninety days, and if the immigration authorities are intent on deporting him, then he will not oppose deportation, and that he will never return."

On appeal, Rojas asks, did the lower court act beyond its authority by ordering that he not oppose deportation? For the reasons set forth in this opinion, we find that the court did exceed its authority and therefore we vacate the sentence and guilty plea.

## THE FACTS

During the early morning hours of July 12, 1981, the victim, age twelve, allowed appellant, age twenty-eight, to enter a Baltimore apartment shared by her mother and appellant's girlfriend. After taking a shower, appellant called the victim into the bedroom, where he grabbed her, pulled off her clothes, and forcibly engaged in sex with her.

Appellant was indicted for second degree rape, assault with intent to rape a minor, third and fourth degree sexual offenses, and assault. He agreed to the following plea bargain, described by the assistant state's attorney:

> "The plea agreement is that in exchange for a plea of guilty to the charge of second degree rape, the state will recommend to the Court that you receive a ten-year sentence, which is suspended, be placed for five years on probation with the special condition that you voluntarily give up your green

card, your resident alien status, and leave the United States within ninety days forever, or that you do not oppose any efforts by the U.S. Government to deport you, and in any event never to return."

After determining that appellant's plea was knowing, voluntary, and supported by the evidence, the lower court stated:

"Gentlemen, the sentence of this Court is ... ten years to the Department of Corrections, suspended, five years probation. One of the conditions of his probation is that he surrender his green resident alien status, and that he leave the country within ninety days, and if the immigration authorities are intent on deporting him, then he will not oppose deportation, and that he will never return."

## THE LAW

### Authority of the Lower Court

Appellant contends that the lower court lacked authority to order him not to oppose deportation.[1] We agree. It is clear that the federal government has exclusive authority over

---

1. Appellant may challenge the legality of a sentence imposed in accordance with a plea bargain. *Launius v. United States,* 575 F.2d 770 (9th Cir. 1978).

Appellant does not challenge the authority of the lower court to order him to leave the country — evidently on the assumption that this condition of probation was a disjunctive alternative to the order to not oppose deportation proceedings. Aside from the fact that the court's oral sentence, printed above, used the conjunctive "and," a natural reading of the terms of probation, giving effect to each part, implies that the terms are inclusive: appellant must not oppose deportation proceedings, but if none are instituted, he must still leave the country in ninety days, in either event never to return. Were the order of banishment presented for review, it would be found *ultra vires. See Bird v. State,* 231 Md. 432, 190 A.2d 804 (1963); *Finnegan v. State,* 4 Md. App. 396, 403 n. 3, 243 A.2d 36, 41 n. 3 (1968); *Dear Wing Jung v. United States,* 312 F.2d 73, 76 (9th Cir. 1962); *Weigand v. Commonwealth,* 397 S.W. 2d 780 (Ky. 1965); *Rutherford v. Blankenship,* 468 F. Supp. 1357 (W.D. Va. 1979). Moreover, the federal law that preempts the order not to oppose deportation would *a fortiori* preempt a state court order of deportation.

deportation proceedings. Thus since federal law grants appellant the right to be heard at a deportation proceeding, the State court sentence silencing him is preempted under the Supremacy Clause.

First, Congress has occupied the field of immigration law, excluding state control over deportation proceedings. *Nyquist v. Mauclet,* 432 U.S. 1, 10, 97 S.Ct. 2120, 2126, 53 L.Ed.2d 63, 71 (1977); *DeCanas v. BICA,* 424 U.S. 351, 354, 96 S.Ct. 933, 936, 47 L.Ed. 2d 43, 48 (1976). Second, the lower court's sentence based on the plea bargain silencing appellant would stand as an obstacle to attainment of Congress's purpose of providing due process in deportation proceedings. *United States v. Gasca-Kraft,* 522 F.2d 149, 152 (9th Cir. 1975); *Najafi v. Civiletti,* 511 F. Supp. 236, 239 (1981). Immigration and Naturalization Act, 8 U.S.C. § 1252 (b). Therefore, the section of the lower court's sentence requiring appellant to not oppose deportation is preempted by the Supremacy Clause. U. S. Constitution, Art. 6, § 2; Maryland Constitution, Declaration of Rights, Art. 2. *Maryland v. Louisiana,* 451 U.S. 725, 746-47, 101 S.Ct. 2114, 2129, 68 L.Ed.2d 576, 595-96 (1981); *Ward v. State,* 280 Md. 485, 491-92, 374 A.2d 1118, 1121 (1977).

## The Plea Agreement

Appellant breached his promise to leave the country, but the term of the plea agreement and probation order requiring his departure is unenforceable. The issue now is, what remedy should this Court provide when a material term of a sentence based upon a plea agreement is unenforceable? Should we vacate only the invalid part, leaving appellant with a suspended sentence, or should we vacate the entire sentence? We hold that when a material term of a sentence based upon a plea agreement is unenforceable, the appropriate remedy is to vacate the entire sentence and the corresponding plea agreement.

Since the Supreme Court officially sanctioned plea bargaining in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct.

495, 30 L.Ed.2d 427 (1971), numerous problems have been created which the courts have sought to solve in ways that protect the interests of the accused and society. *United States v. McLaughlin,* 509 F. Supp. 857-58 (D. Md. 1981). The objective of these solutions is to promote fairness and equity between the parties. *State v. Brockman,* 277 Md. 687, 697, 357 A.2d 376, 382-83 (1976); *McCormick v. State,* 38 Md. App. 442, 453, 381 A.2d 694, 700-01 (1978); Note, *Criminal Law—Enforcing Unfulfillable Plea Bargaining Promises,* 13 Wake Forest L. Rev. 842, 846 (1977). To help determine what is fair in the circumstances of each case, the courts have analogically employed some fundamental principles of contract law that seek to protect the reasonable expectations of the parties. *E.g., Cooper v. United States,* 594 F.2d 12, 15-18 (4th Cir. 1979); *United States v. Krasn,* 614 F.2d 1229 (9th Cir. 1980); *Jones v. Estelle,* 584 F.2d 687 (5th Cir. 1978). *See generally,* Jones, *Negotiation, Ratification, and Rescission of the Guilty Plea Agreement: A Contractual Analysis and Typology,* 17 Duq. L. Rev. 591 (1978-79). As the Fourth Circuit has observed:

> "The fairness of any voluntary agreement turns upon the parties' expectations, first, that it will be honored by the other party and second, that redress is available when necessary in the courts. *Santobello v. New York,* 404 U.S. 257, 260-62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). With predictability and reliance as the foundation of plea bargaining itself, we must apply fundamental contract and agency principles to plea bargains as the best means to fair enforcement of the parties' agreed obligation."

*United States v. McIntosh,* 612 F.2d 835, 837 (4th Cir. 1979). The bounds of plea agreement and contract law are not coterminous; we may determine what is fair in the circumstances by reference to public policy considerations outside the law of contract. *State v. Brockman, supra,* 277 Md. 687, 697, 357 A.2d 376, 382-83 (1976); *Cooper v. United States, supra,* 594 F.S.2d 12, 15-20 (4th Cir. 1979); *United*

*States v. Thalman,* 457 F. Supp. 307, 310 (E.D. Wis. 1978). Application of these principles to the facts of this case suggests that the proper remedy for appellant's breach is vacation of the sentence.

The State entered into a bilateral agreement with appellant, promising to reduce charges and recommend a suspended sentence in consideration for appellant's promise to plead guilty and to leave the country, voluntarily or by deportation. The State entered into this agreement in the expectation that the lower court could compel appellant's departure, preserving the public safety. The appellant entered into the agreement evidently in the expectation that he could avoid incarceration. Now that the State has kept its promise and appellant has breached his, should we vacate the order of banishment, yet leave standing the suspended sentence? Such a result would constitute an unfair derogation of the State's reasonable expectation that the public would be protected. *See Wynn v. State,* 22 Md. App. 165, 172, 322 A.2d 564, 568 (1974); *see* J. Bond, Plea Bargaining and Guilty Pleas, § 7.19(b) at 7-62 (2d ed. 1982). Mere severance of an unenforceable sentence term such as banishment, is appropriate only when the remainder of the original sentence will adequately protect the public. *See Rutherford v. Blankenship,* 468 F. Supp. 1357, 1361 (W.D. Va. 1979). Moreover, applying fundamental contract principles, it would be unfair to allow appellant to avoid his responsibilities under the plea agreement, yet demand the benefit of the bargain. Restatement (Second) of Contracts § 383 (1981). The State, like the defendant, is mutually entitled to the benefit of the bargain. As this Court stated in *Sweetwine v. State,* 42 Md. App. 1, 2, 398 A.2d 1262, 1263 (1979):

> "May a defendant strike a bargain with the State, repudiate that bargain so far as his obligations under it are concerned and yet retain all of the advantages he ostensibly bargained for? The answer is an immediate and absolute, 'No.' Bargaining in bad faith will not be countenanced, let

> alone rewarded, on either side of the trial table. Appropriate are the words of Cardozo, 'Justice, though due to the accused, is due to the accuser, also. . . . We are to keep the balance true.' *Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674."

*Id.,* 42 Md. App. at 2, 398 A.2d at 1263-64. An equitable remedy for a material but unenforceable sentence term such as banishment is to vacate the sentence. This protects appellant's constitutional rights by obviating the deportation requirement, and protects the State's interest in public safety. Thus, it is the preferable remedy under the fairness criteria adumbrated above.

The issue now is, how much of the corresponding plea agreement should be rescinded? Should we merely strike the sentence recommendation and remand for resentencing, or should we rescind the entire agreement, including the guilty plea, and allow appellant to replead to the original charges? When a sentence has an unenforceable term, such as banishment, remanding for resentencing is a viable alternative. *Weigand v. Commonwealth,* 397 S.W.2d 780 (Ky. 1965); *Haley v. Peyton,* 303 F. Supp. 336 (W.D. Va. 1969). However, it may be unfair to hold the parties to an agreement the material terms of which have been vacated. Appellant pled guilty in reliance on the expectation that he would avoid imprisonment. The State reduced the charges against appellant in reliance on the expectation that the public of this State would be free of his depredations forever. Resentencing appellant to a prison term on the reduced charges would frustrate both parties' expectations. To avoid this, we find that the fairest remedy is to rescind the entire plea agreement, including the guilty plea. This places the parties in their original positions, unprejudiced by the mistake of law. *Wynn v. State, supra,* 22 Md. App. 165, 322 A.2d 564 (1974); *see Sweetwine v. State, supra,* 42 Md. App. 1, 4, 398 A.2d 1262, 1265 (1979); *Salter v. State,* 387 So.2d 81, 83 (Miss. 1980); Restatement (Second) of Contracts § 152 (1981); Westen & Westin, *A Constitutional Law of Remedies*

*for Broken Plea Bargains,* 66 Cal. L. Rev. 471, 510-11 (1978). Thus, rescission is a desirable remedy when either party to a plea agreement cannot compel the other party to perform its material promise.[2] Appellant may choose to stand trial or negotiate some other plea bargain. *Wynn v. State,* 22 Md. App. 165, 322 A.2d 564 (1974); *Sturgis v. State,* 25 Md. App. 628, 336 A.2d 803 (1975).

> *Judgment vacated, case remanded for further proceedings.*
> *Costs to be paid by the Mayor and City Council of Baltimore.*

---

**2.** A defendant is allowed to rescind the plea agreement and withdraw his plea if it is induced by a State promise that is unfulfillable. Snowden v. State, 33 Md. App. 659, 365 A.2d 321 (1976); Johnson v. State, 40 Md. App. 591, 392 A.2d 1157 (1978); United States v. Hammerman, 528 F.2d 326 (4th Cir. 1975); Smith v. United States, 321 F.2d 954 (9th Cir. 1963); State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978). So too should the State have a mutual remedy of rescission when it cannot enforce a defendant's performance of a material term of a plea agreement. *See* J. Bond, Plea Bargaining and Guilty Pleas, § 2.11(a) at 2-34 (2d ed. 1982).