985 A.2d 87

MY NGUYEN

v.

STATE of Maryland.

No. 2012, Sept. Term, 2007.

Court of Special Appeals of Maryland.

Dec. 29, 2009.

Geraldine K. Sweeney (Elizabeth L. Julian, Acting Public Defender, on brief), for Appellant.

Cathleen C. Brockmeyer (Douglas F. Gansler, Atty. Gen., on brief), for Appellee.

Panel: HOLLANDER, SALMON and MEREDITH, JJ.

SALMON, J.

On January 12, 2006, My Thien Nguyen ("Nguyen"), appellant, entered a plea of guilty to a fourth-degree sexual offense and to second-degree assault in the Circuit Court for Montgomery County. Nguyen was sentenced to 365 days incarceration for the fourth-degree sex offense and a concurrent term of incarceration of 18 months for second-degree assault. The court suspended all but 88 days of the incarceration (time served) and placed Nguyen on supervised probation for a period of three years. Nguyen's probation contained several conditions, including a requirement that he attend and pay for counseling related to his sex offense and alcohol abuse. The judge expressly said at the sentencing hearing that he was not requiring that Nguyen register as a sex offender.

On September 6, 2007, following a hearing, Nguyen was found to have violated his probation by failing: 1) to report to his probation officer, 2) to provide verification of employment and residence, and 3) to attend and complete sex offender and alcohol treatment sessions with his counselor. As a consequence, Nguyen's probation was revoked. He was sentenced to serve the remaining portion of his sentence, and he was ordered to register as a sex offender.

Nguyen, through counsel, filed with this Court an application for leave to appeal the portion of the court's order that required that he register as a sex offender. We granted Nguyen's application and transferred the case to the regular appeal docket so that we could decide whether the trial court, at the probation revocation hearing, exceeded its authority when it ordered applicant to register as a sex offender.

## I.

The victim, eleven, was interviewed and told Montgomery County authorities that she was clothed when appellant

touched her and that on three occasions Nguyen came up from behind her, wrapped his arms around her, and fondled her vaginal area. At the time these illegal touchings occurred, Nguyen lived in the residence with the victim and her mother.

When he pled guilty, Nguyen, 38, admitted that he intentionally touched the victim's vaginal area.

Nguyen pled guilty without knowing whether he would be required to register as a sex offender. The judge who took the plea explained:

[Y]ou are to be evaluated by a psychologist or psychiatrist before I sentence you. And . . . the prosecutor has agreed to look at the evaluation. If that evaluation is favorable to you, and [the prosecutor] is going to decide whether she thinks it's favorable to you or not, then she may ask me not to require you to register. If she says to me, "Judge, I don't want him to have to register as a sex offender." I have agreed, if the State asks me not to make you register, that I will not make you register as a sexual offender.

If that report is not favorable, in [the prosecutor's] discretion, then both sides are free either to ask me to put you or require you to register as a sex offender or not.

Now, there is also, I am also, as part of your sentencing, free to suspend the entire 11 years. And I could put you on up to five years of supervised probation. That is all within my discretion.

If I put you on probation, and I suspend time, and you violate your probation in any way, I would then be free to put you in jail for however much time that I decide to suspend, and it could be up to 11 years.

Lynn Nghe ("Nghe"), a Senior Clinician at the Multicultural Clinical Center, performed, prior to sentencing, a psychological evaluation of Nguyen to determine, *inter alia,* whether he should be placed on the sex offender registry. Nghe found that Nguyen was a low-risk sexual offender but that his condition should nevertheless be considered serious and would require much effort to treat. In this regard, the assessment report read: "One should not assume he will not re-offend given the length of time he's struggled with his sexual behav-

iors." [1]  Nghe recommended Nguyen participate in, and successfully complete, a sex offender program.

At sentencing, the State did not argue that appellant should be required to register as a sex offender. Defense counsel argued that Nguyen not be required to register. The sentencing judge weighed the matter and said:

> I recognize that it is for the protection of the public that we have these sex offender registries. I also recognize ... that imposing the requirement that you register creates a lot of problems for someone like you or like anyone else.
>
> ... Based on the fact that you've acknowledged what you did; based on the fact that it doesn't appear as though you've committed this offense against anybody else; based on the fact that you're 38 years old, one would expect that this would have surfaced prior to now; based on the fact that you are seen as a low risk sexual offender, and I'm not sure exactly what they base that on, other than the problems with you controlling your sexual urge in this case, it doesn't look like you've ever done anything unlawful at any other time with respect to deviant sexual behavior, at least nothing that anybody's been able to surface.

Later the sentencing judge warned the appellant:

> If I find out that you've stopped your counseling, if I find out that you're drinking, then you're going to wind up going to jail for the balance of your sentence in this case.... I don't want to hear that you have transportation problems, I don't want to hear that you have job problems. There's nothing more important than that you abide by your probation, and that you do this counseling.
>
> If you lose your job and you don't have money for counseling, you better borrow some, or you better go there anyway and tell them that the judge is going to lock you up if you don't come whether you have money or not, because

---

1. The sentencing judge noted, however, that in Nguyen's case, all other sexual activities (visiting strip clubs, viewing pornographic videos, etc.) mentioned in the report except the subject fourth-degree sex offense were legal activities for adults.

I'm not going to accept any excuses. Without this, you may very well be putting the public at risk.

*     *     *

I'm not requiring ... [registration as a] ... sex offender. . . . Based on the totality of the picture here ... I don't think it's appropriate in this case. . . . I don't know that it's inappropriate, but I'm not going to impose it.

About eleven months after he was originally sentenced, Nguyen was found guilty of violating his probation. He was sentenced for that violation. The sentencing judge said:

Well, I think, at a bare minimum, the Court is satisfied that Mr. Nguyen is not going to comply with counseling, or any other conditions, [of] probation. He's proven that by his actions.

*     *     *

I think, at a bare minimum, he needs to be on the sex offender registry. And *I'm going to order that be a part of his sentence for the violation of the probation, that he register as a sex offender.*

*     *     *

[M]y position is that I was willing to postpone having him register as a sex offender based upon all the efforts that [the defense attorney] had gone to ... and the reports that we had at that time, and his representations that he was going to pay for and do this counseling. But he has complied with almost none of the conditions of probation. And I think that somebody that does that, and he's not going to be on probation, needs to be on the sex offender registry, just so that the public is able to locate him and see where he lives in order to make certain, since he doesn't comply, that at least they can protect their children.

So I'm going to require registration on the sex offender registry.

(Emphasis added).

## II.

Appellant argues that the court exceeded its authority when it ordered him to register as a sex offender. That argument is

founded on the fact that, at the time the original sentence was imposed, registration as a sex offender was not ordered, nor was registration mentioned as a requirement that might be imposed if probation was violated. We agree with appellant.

The statute that governs what a circuit court judge can do when a defendant violates one or more conditions of probation is Md.Code (2001, 2008 Repl.Vol.), § 6–224(b) of the Criminal Procedure Article, which, in pertinent part, provides:

### § 6–224.   Sentencing by other judge.

\*　　\*　　\*

(b) *Sentencing by presiding judge of circuit court.*—If a defendant is brought before a circuit court to be sentenced on the original charge *or for violating a condition of probation,* and the judge then presiding finds that the defendant violated a condition of probation, the judge:

(1) may sentence the defendant to:

(i) *all or any part of the period of imprisonment imposed in the original sentence;* or

(ii) any sentence allowed by law, if a sentence was not imposed before; and

(2) may suspend all or part of a sentence and place the defendant on further probation on any conditions that the judge considers proper, and that do not exceed the maximum set under § 6–222 of this subtitle.

(Emphasis added).

Because a sentence was imposed originally (18 months incarceration all suspended except for 88 days), the court's sentencing power at the revocation of probation hearing was governed by section 6–224(b)(1)(i). What the sentencing judge was empowered to do was quite limited, viz: to sentence the defendant to "all or any part of the period of imprisonment imposed in the original sentence." Nothing in section 6–224(b) allows a court to impose any additional burden or requirement upon the person who has violated the term(s) of his/her probation.

Here the court could have imposed a registration requirement at sentencing. *See* § 11–704 of the Criminal Procedure Article. Under section 11–704(a) of that Article, "a person shall register with the person's supervising authority if the person is: (1) a child sexual offender." A child sexual offender is defined, in so far as is here relevant, in section 11–701(c), as a person who "has been convicted of violating the fourth degree sexual offense statute . . . for a crime involving a child under the age of 15 years *and has been ordered by the court to register under this subtitle.*" (Emphasis added).

As can be seen, registration under section 11–701(c) is not automatically required for persons convicted of a fourth-degree sexual offense. Here, when Nguyen was originally sentenced, the court expressly exercised its discretion and decided not to require registration.

The State contends that the court's order that appellant register as a sex offender is not punitive and does not represent an increase in sentence. This is true. *See Young v. State,* 370 Md. 686, 712–14, 806 A.2d 233 (2002). But the State's argument avoids this question: What authority did the circuit court have to add registration as a requirement (whether penal or not) as a sanction for violation of probation when such a sanction was not mentioned when the original "split sentence" was imposed? Section 6–224 of the Criminal Procedure Article (quoted above) makes it clear that the court had no such authority.[2]

---

**2.** In *State v. Dopkowski,* 325 Md. 671, 678–79, 602 A.2d 1185 (1992), the Court stated:

> When a trial court has determined that a violation of a condition of probation has occurred, the court may resentence but may not impose a sentence greater than that which was originally imposed and suspended.

> The trial court, upon its determination that a probationer has violated one or more conditions of probation, enjoys many options. "These options vary from continuing the probation to reimposing the full remaining term of a suspended sentence." "The court's discretion must guide it as it chooses among the options, looking at both society's interest and those of the offender."

(Citations omitted.)

In addition to the controlling language set forth in section 6–224(b)(1)(i), Maryland Rule 4–346 makes it clear that the judge who imposes a sentence for violation of probation may not burden the defendant with any probation violation consequence that was not mentioned at the original sentencing hearing. Maryland Rule 4–346(a) reads:

> (a) *Manner of imposing.* When placing a defendant on probation, the court shall advise the defendant of the conditions and duration of probation and the possible consequences of a violation of any of the conditions. The court also shall file and furnish to the defendant a written order stating the conditions and duration of probation.

The obvious purpose of Rule 4–346(a) is to ensure that a defendant need not engage in guesswork to determine what might happen if he/she fails to abide by the conditions of probation. The dictates of Rule 4–346(a) were not met in this case because he was never warned that he might be required to register as a sex offender if he violated the terms of his probation.

Maryland Rule 4–346(b) reads:

> (b) *Modification of probation order.* During the period of probation, on motion of the defendant or of any person charged with supervising the defendant while on probation or on its own initiative, the court, after giving the defendant an opportunity to be heard, may modify, clarify, or termi-

---

The Court of Appeals said in *Benedict v. State*, 377 Md. 1, 8, 831 A.2d 1060 (2003):

> The court may impose sentence up to the maximum term allowed and provide that only part of it be served in prison. Known as the "split sentence," this is a more common approach.... The court achieves this result by suspending execution of all but a specified part of the sentence in favor of probation.... [T]he full sentence has been imposed, but, subject to the probation, the court has excused the defendant from serving all but the designated part in prison. If the defendant violates the probation, the court may revoke it.... [T]he court does not then impose or reimpose the sentence, which has already been imposed, but merely determines how much of the unserved part of the sentence the defendant must serve in prison.

nate any condition of probation, change its duration, or impose additional conditions.

Appellant points out, correctly, that Rule 4–346(b) is here inapplicable because, at the point the court ordered that he register, probation had already been revoked. In other words, when probation no longer exists, conditions to that probation cannot be added. As to that point, the State agrees.[3]

The State also asserts, in the alternative, that "if the court lacked the authority to impose the [registration] order upon finding that Nguyen did not perform the conditions set by the court when it did not order him to register, the appropriate relief in this case is to vacate Nguyen's plea, not to simply strike the registration order." The State's argument in support of that assertion is as follows:

> [T]he expectation [was] that the public's safety interest would be satisfied by Nguyen's successful completion of an alcohol treatment program and a sexual offender treatment program. . . . [T]he record reflects that it was Nguyen's expectation that his successful completion of the programs would, given his unique circumstances, adequately satisfy the public safety's interest. As in *Rojas* [*v. State*, 52 Md.App. 440, 450 A.2d 490 (1982)], permitting Nguyen to fail to successfully complete the programs would "frustrate both parties' expectation" with regard to the protection of the public safety interest. 52 Md.App. at 445, 450 A.2d 490.

---

**3.** In fact, the State takes the position that a sentencing judge cannot ever order registration as a condition of probation. It argues:

> Given that the type of offense for which Nguyen was being required to register, a violation of Section 3–308 of the Criminal Law Article involving a minor under the age of 15, the registration requirement would extend for a statutory period of 10 years. Md.Code Ann., Crim. Pro. Art., § 11–707 (2007 Suppl.). Consequently, the court could not have ordered registration as a condition of Nguyen's probation. *See* Md.Code Ann., Crim. Pro. Art., § 6–222(a)(3)(i)(1) (2007 Suppl.) ("A circuit court . . . may: (3)(i) order probation for a time longer than the sentence but, subject to subsections (b) and (c) of this section, not longer than: 5 years if the probation is ordered by a circuit court[.]").

In this case, we need not decide the validity of the foregoing argument.

Under these circumstances, the "fairest remedy" is to "rescind [Nguyen's] entire plea agreement ... [and] place the parties in their original positions, unprejudiced by the mistake of law." *Id.* ... The issue here ... is how the public's interest in safety is satisfied when Nguyen becomes a member of the public upon his release when he has not satisfied the conditions set by the court to satisfy the public's interest in safety in lieu of a registration order.

As can be seen, the State relies on cases where the plea bargain was based on an illegal promise that was impossible to fulfill. *See State v. Parker,* 334 Md. 576, 596, 601, 640 A.2d 1104 (1994) (the site of Parker's incarceration was bargained-for consideration that was unfulfillable and unenforceable because neither the sentencing judge nor the prosecutor had authority to designate the institution, much less the foreign jurisdiction, in which Parker would serve his sentence); *Rojas v. State,* 52 Md.App. 440, 442–43, 450 A.2d 490 (1982) (condition of probation that Rojas will leave the country in ninety days was unenforceable because deportation can be ordered only by immigration authorities, not the courts).

None of the cases relied upon by the State are apposite. The terms of the plea bargain in the subject case were neither illegal nor unfulfillable. The prosecutor elected not to make a recommendation at sentencing that appellant register as a sex offender. Therefore, this is not a case where the plea was agreed to by the State based upon a misapprehension as to what the consequences might be if the guilty plea was accepted.

The crux of the plea agreement was that Nguyen would not be given any additional jail time at sentencing so long as he agreed to participate in and complete counseling and to have no contact with the victim. Registration as a sex offender was not part of the plea agreement but rather a possible consequence of a guilty plea depending, in part, on the results of a pre-sentencing psychological evaluation.

### Conclusion

We recognize that an order by the court requiring a defendant to register as a sex offender is not punishment-it is instead "a remedial requirement for the protection of the public." *Young,* 370 Md. at 716, 806 A.2d 233. But that non-penal "remedial requirement" can adversely affect a defendant when he or she attempts to get a job or find housing. The requirement cannot be imposed for the first time as a consequence of the defendant's failure to abide by the terms of his/her probation, if registration was not made a condition of probation.

**PORTION OF JUDGMENT ORDERING APPELLANT TO REGISTER AS A SEX OFFENDER VACATED; JUDGMENT OTHERWISE AFFIRMED; COSTS TO BE PAID BY MONTGOMERY COUNTY.**