**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4445

ERNEST EUGENE RICHARDSON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William B. Traxler, Jr., District Judge.
(CR-95-298)

Argued: April 10, 1997

Decided: June 23, 1997

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
CLARKE, Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Russell Doyle Ghent, LEATHERWOOD, WALKER,
TODD & MANN, P.C., Spartanburg, South Carolina, for Appellant.
Harold Watson Gowdy, III, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey,
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

<u>FACTS</u>

A prisoner receiving medical treatment, overpowered a deputy sheriff, stole the deputy's Glock automatic pistol, and escaped from the deputy's custody. The Sheriff, James Singleton, was aware that Ernest Eugene Richardson, Jr., the defendant in the present case, was acquainted with the prisoner who had escaped and stolen the firearm from the deputy.

The Sheriff approached Richardson about the return of the firearm. The Sheriff and Richardson, who was represented by counsel, entered into an agreement that the Sheriff would not charge Richardson "with any criminal offense whatsoever" for any crime "related to the return of [the] Glock." The Defendant, having previously sold the gun to his father at a poker game, knew where the gun was located. He stole the gun from his father and returned it to the Sheriff.

The Sheriff did not prosecute the Defendant. However, federal officials independently investigated the incident and learned that Richardson was a convicted felon and possessed the gun before the agreement was signed. Moreover, federal officials discovered that prior to the agreement with the Sheriff, Richardson entered a poker game and offered to sell the Glock to his father.

The federal government indicted Richardson in the United States District Court for the District of South Carolina charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)[1] and § 924(e)(1).[2]

_____

[1] 18 U.S.C. § 922(g) provides "it shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm . . . ."

[2] 18 U.S.C. § 924(e)(1) provides that if a person who violates § 922(g) has three previous violent felony convictions then the person shall be imprisoned for not less than fifteen years.

2

Richardson claims that the agreement with the Sheriff prevented federal prosecution for his offense. The United States argues that 1) the agreement with the Sheriff, a state employee, does not bind the federal government; and 2) even if the agreement binds the federal government, the plain language of the agreement does not apply since the possession of the handgun occurred before the agreement was entered into and therefore was not related to the return of the gun. The district court agreed with the government and the jury found Richardson guilty. Richardson appeals the district court's determination.

DISCUSSION

The Defendant and the Sheriff for Oconee County, South Carolina, entered into an agreement which stated:

> IT IS FURTHER AGREED that Ernest E. Richardson, Jr., will not be charged with any criminal offense whatsoever, nor will he be subpoenaed to testify or in any other way implicated in any offenses, if there be any, related to the return of a Glock .40 caliber pistol, #YU456.

Richardson claims that this agreement prevents prosecution for possession of the firearm since it says he will not be"charged with any criminal offense whatsoever."

Federal prosecution of Richardson was proper since an agreement with the county sheriff, absent an agency relationship with the federal government, cannot bind the federal government. In addition, even if the agreement was binding upon the federal government, the agreement in the case at bar does not prohibit prosecution because it does not apply to actions entered into before the agreement was signed.

The United States is not bound by agreements by parties unless they are its agents. United States v. McIntosh , 612 F.2d 835, 837 (4th Cir. 1979) ("A bare representation by an unauthorized party cannot bind federal prosecutors to forego prosecution."). Thus, absent an agency relationship, the federal government is not bound by an agreement made by state officials promising not to prosecute a defendant. United States v. Long, 511 F.2d 878, 881 (7th Cir. 1975).

3

Since the Sheriff was not an agent of the federal government, he could not waive federal prosecution. This is especially true in a case such as the present one where counsel was actively involved in negotiating the agreement.

In addition, even if the agreement between the Sheriff and Richardson were binding upon the federal government, the agreement itself does not bar prosecution of offenses which occurred prior to its inception. The agreement between the Sheriff and Richardson must be interpreted based on contract principles. United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994). The agreement specifically states that the defendant will not be prosecuted for any action "[w]hatsoever . . . related to the return" of the Glock. The key words are "related to the return." Since the poker game occurred before the agreement, it was not "related to the return" of the weapon. The agreement could be seen as a method to protect the Defendant if he possessed the gun while returning it to the Sheriff, but it in no way shields the Defendant from prior actions. The sale of the gun at a poker game was not "related to the return" of the weapon; therefore, even if the agreement applied to federal officials, it would not apply to the present situation.

Richardson's argument that the district court erred when it refused to permit the introduction of the agreement fails for similar reasons. Since the agreement did not bar prosecution, the agreement was not relevant for Richardson's defense. The Court reviews the district court's evidentiary determinations based on an abuse of discretion standard. United States v. McMillon, 14 F.3d 948, 954 (4th Cir. 1994). The agreement was not relevant to the charge of possession of a handgun by a convicted felon and the district court did not err by refusing to admit such evidence.[3]

Richardson next argues that he was selectively prosecuted due to

_____

[3] Had the federal authorities attempted to prosecute the Defendant for the period of time that he possessed the gun while returning it to the Sheriff the agreement would at least, by its terms, be relevant to show that the Defendant was acting under what he thought was police authority. However, in the instant case, the possession of the firearm had nothing to do with the agreement since the agreement was signed after the possession occurred.

4

the Sheriff's animosity towards him. Yet, he has produced no evidence that others similarly situated, i.e., felons in possession of a handgun, were not prosecuted. Nor has he sought to prove an unconstitutional motivation in prosecuting him. Therefore, the district court did not err in denying Richardson's claim for selective prosecution.

Richardson also contends that the district court erred when it admitted evidence that the firearm was stolen from a law enforcement official. We review the district court's decision under an abuse of discretion standard. McMillon, 14 F.3d at 954. The district court admitted evidence regarding the fact that a third party stole the weapon in question from a law enforcement official. The prosecutor sought to introduce this evidence in order to prove the date of the poker game; and therefore, the date that Richardson possessed the weapon.[4] Since the date of possession was at issue, the prosecution wanted to show that the defendant possessed the weapon prior to the date of the agreement. The establishment of the date of possession of the firearm at a time prior to the agreement with the Sheriff was a necessary ingredient of the prosecution's case, and the district court did not err in allowing its admission.[5]

Richardson also contends that the government failed to prove that the weapon traveled in interstate commerce as required by the indictment and by § 924(g). However, a prosecution witness testified that Glocks are made in Austria and exclusively imported in Smyrna, Georgia. Such transportation satisfies the commerce element in § 924(g).

Richardson's contentions of vagueness in the indictment, supposed invasion of a right not to testify and unjustified sentencing have all been considered and have been found to be without merit. The judgment is accordingly

AFFIRMED.

_____

[4] A prosecution witness testified that the poker game was the Friday night after the weapon was stolen from the deputy sheriff.
[5] Richardson had ample opportunity on cross-examination to show that a third party stole the weapon.

5