1999 Utah Ct. App. 381

**STATE of Utah, Plaintiff and Appellee,**

v.

**Cesar R. ARVISO, Defendant and Appellant.**

**No. 981524–CA.**

Court of Appeals of Utah.

Dec. 23, 1999.

---

Maurice Richards, Public Defender Ass'n, Ogden, for Appellant.

Jan Graham, Atty. Gen., and Brent A. Burnett, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before GREENWOOD, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

¶ 1 Cesar R. Arviso challenges the trial court's order reinstating his previously suspended sentence. We reverse.

## BACKGROUND

¶ 2 As the result of a plea bargain, on April 14, 1998, Arviso pleaded guilty to the charge that he distributed a controlled substance, violating Utah Code Ann. § 58–37–8(1)(a)(ii) (Supp.1999). Arviso was sentenced as follows:

SENTENCE PRISON

Based on the defendant's conviction of DISTRIBUTE/OFFER/ARRANGE TO DIST C/S a 2nd Degree Felony, the defendant is sentenced to an indeterminate term of not less than one year nor more than fifteen. The prison term is suspended.

SENTENCE RECOMMENDATION NOTE

Defendant shall serve 90 days jail with release to INS for deportation. The prison sentence is suspended on condition the defendant not return to the United States.

¶ 3 Arviso was later deported, but returned to Utah after a short time. Consequently, on July 2, 1998, the trial court lifted the sentence suspension and reimposed the prison term of one to fifteen years. Arviso protested, asking for an evidentiary hearing. The trial court denied his request, replying that Arviso's "term was simply he does prison or he stay out of the country. And that's what he's getting." [1]

¶ 4 Arviso appeals, arguing the trial court lacked authority to suspend his sentence without ordering probation. He further contends that, even if the trial court had that authority, it illegally sentenced him in ordering him not to return to the United States after deportation.[2] Because we dis-

---

1. When Arviso had asked for an evidentiary hearing, he had referred to himself as being on probation. The trial court replied that Arviso "wasn't on probation" before revoking the suspension of his sentence. Then, a minute entry about the July 2 hearing, signed by the trial court on July 29, 1998, states, "This case comes before the court on a review of probation. Court terminates probation and imposes original sentence of 1–15 years in prison."

In his brief, Arviso maintained as an alternative argument that, if this court read the trial court proceedings to have suspended his sentence and placed him on probation, the proceedings in which his prison time was reimposed did not provide him necessary due process and is a ground for reversal. However, the State does not argue Arviso was ever placed on probation,

and, at oral argument, Arviso decided not to further pursue this due process issue. We thus do not address it.

2. At oral argument, Arviso for the first time noted that when the trial court orally pronounced his sentence it did not mention the condition that he stay out of the United States after deportation, but then the condition showed up in the written order. Arviso asserted this discrepancy as a basis upon which to reverse the trial court—a basis that he had neither argued to the trial court nor put in his docketing statement or brief.

"It is generally inappropriate to raise issues at oral argument that have not been designated as issues on appeal in a docketing statement or in the briefs." *State v. Babbell*, 770 P.2d 987, 994 (Utah 1989). First, this rule protects the oppos-

pose of this case based on our analysis of the latter, we leave for another day the question of whether trial courts have the authority to suspend sentences without probation.

## ANALYSIS

▮▮ ¶ 5 Arviso asserts that the United States Congress has delegated authority to the Immigration and Naturalization Service (INS) to determine whether aliens may enter the United States, thus designating this area of the law for federal control and preempting state participation. Consequently, Arviso argues, the condition that he not return to the United States after deportation is unconstitutional under the preemption doctrine, arising from the Supremacy Clause of the United States Constitution.[3] *See* U.S. Const. art. VI, cl. 2. We agree.[4]

▮▮ ¶ 6 "The Supreme Court 'has repeatedly emphasized that "over no conceivable subject is the legislative power of Congress more complete than it is over" the admission of aliens.' " *State v. Pando,* 122

N.M. 167, 921 P.2d 1285, 1287 (App.1996) (quoting *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977) (citation omitted)); *see also State v. Camargo,* 112 Ariz. 50, 537 P.2d 920, 922 (1975) ("The federal power over aliens is exclusive and supreme in matters of their deportation and entry into the United States."); *Hernandez v. State,* 613 S.W.2d 287, 289–90 (Tex.Crim. App.1980) (" 'The passage of laws which concern the admission of citizens and subjects of foreign nations to our shores belongs to Congress, and not to the States.' " (Citation omitted.)). Congress, in turn, has assigned the United States Attorney General the sole power to exclude aliens, "thus leaving no role for the ... judiciary in such matters in conjunction with sentencing criminal defendants." David E. Rigney, Annotation, *Propriety, in Criminal Case, of Federal District Court Order Restricting Defendant's Right to Re-enter or Stay in United States,* 94 A.L.R. Fed. § 3, at 619 (1998); *see also United States v. Hernandez,* 588 F.2d 346, 351 (2d Cir.1978) (recognizing power to " 'exclude aliens as a fundamental sovereign at-

---

ing party, which receives no notice as to any issues not found in the docketing statement or briefs and therefore has no chance to prepare to refute the unbriefed issues at oral argument with a reasoned analysis supported by legal authority. *Cf. State v. Brown,* 853 P.2d 851, 854 n. 1 (Utah 1992) (refusing to review issue raised initially in reply brief because appellant "would be rewarded for his omission and given the opportunity to present an unopposed analysis"); *U.P.C., Inc. v. R.O.A. Gen., Inc.,* 380 Utah Adv. Rep. 26, 33, 990 P.2d 945, 959 (Utah Ct.App.1999) ("To allow a party to raise new issues in its rebuttal materials is improper because it precludes the other party the opportunity to respond."). Second, when Arviso raised this new issue at oral argument, he offered no supporting legal authority. This violates our requirement that parties appearing before us provide a *proper argument supported* by legal authority. *Cf.* Utah R.App. P. 24(a)(9) (stating that briefs must have argument "contain[ing] the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on"). For these reasons, we decline to consider Arviso's contention that the discrepancy between the trial court's oral and written rulings is a ground for reversal. *See Maack v. Resource Design & Constr., Inc.,* 875 P.2d 570, 575 n. 3 (Utah Ct. App.1994) ("It is ... well settled that this court need not address issues that a party has not briefed.").

Further, because Arviso has therefore waived this contention, we review the facts of this case in the posture Arviso has presented it before the trial court and in his briefs before this court: Arviso accepted the written order as the expression of his plea agreement and substantively attacked the written sentence as illegal, without referring in any way to the oral sentence. Likewise, we accept the written order as the expression of Arviso's plea agreement and substantively review his attack on the illegality of the written sentence, without referring in any way to the oral sentence.

3. The Supremacy Clause states:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2.

4. "[C]onstitutional questions ... are questions of law and therefore reviewed for correctness." *State v. $175,800, U.S. Currency,* 942 P.2d 343, 346 (Utah 1997); *accord State v. Gardner,* 947 P.2d 630, 632 (Utah 1997). We therefore do not defer in any way to the trial court's ruling on this issue. *See Gardner,* 947 P.2d at 632.

tribute exercised by the Government's political departments largely immune from judicial control' " (citation omitted)); *Hernandez*, 613 S.W.2d at 290 ("The supremacy clause of the United States Constitution dictates that federal immigration law, not the decision of the trial court in this case, controls the circumstances under which appellant may or may not re-enter the United States."). Thus, a court exceeds its discretion when sentencing "a criminal defendant in such a manner as to assume the power to control the ... exclusion of aliens." Rigney, *supra*, 94 A.L.R. Fed. § 3, at 619.

■ ¶ 7 Here, the trial court suspended Arviso's prison term "on condition [he] not return to the United States." By imposing this condition, the trial court trespassed into forbidden INS territory, violating the ·Supremacy Clause. *See Hernandez*, 588 F.2d at 351; *see also Camargo*, 537 P.2d at 922 ("A state trial judge cannot ... make a decision that controls the entry of an alien into the United States."); *Pando*, 921 P.2d at 1288 ("[T]he trial court ... exceeded its authority ... in conditioning Defendant's probation on his leaving and remaining outside the United States.").[5] We therefore conclude the trial court incorrectly conditioned Arviso's suspended sentence on the unconstitutional provision that he stay out of the United States.

■ ¶ 8 Having concluded Arviso's first point was correct, we now must disagree with the result he urges flows from our conclusion. He argues that, because his sentence was illegal, the trial court lost jurisdiction over him and thus may not commit him

to prison. He argues that he should therefore be completely released from custody. However, according to Utah Rule of Criminal Procedure 22(e) this "illegal sentence" may be corrected "at any time." Utah R.Crim. P. 22(e). After all, an unlawful sentence is "void," creating no rights and neither impairing nor affecting any rights. *State v. Babbel*, 813 P.2d 86, 88 (Utah 1991); *accord* 12A Am.Jur.2d *Criminal Law* § 823 (1998). And, the trial court's jurisdiction continues "over the case and the prisoner until a valid sentence [is] imposed." *State v. Lim*, 79 Utah 68, 71–72, 7 P.2d 825, 826 (1932); *accord State v. Montoya*, 825 P.2d 676, 681 (Utah Ct.App.1991).[6]

■ ¶ 9 Even so, this case involves· a plea bargain.

> Where the defendant has entered a guilty plea pursuant to a plea bargain contemplating a particular sentence, the general rule is that the defendant is entitled to withdraw the plea if it is subsequently determined that the sentence is illegal or unauthorized. The withdrawal of a guilty plea returns the parties to their initial positions, and the original charges under the indictment or information may be reinstated.

Christopher Vaeth, Annotation, *Guilty Plea as Affected by Fact that Sentence Contemplated by Plea Bargain is Subsequently Determined to be Illegal or Unauthorized*, 87 A.L.R. 4th § 2, at 388 (1991); *see also People v. Jackson*, 121 Cal.App.3d 862, 176 Cal.Rptr. 166, 170 (1981) ("That portion of the plea bargain having become impossible for the court to perform, the trial court had no alter-

---

5.  Orders conditioning a suspended sentence or probation on the defendant staying out of the United States may be valid when they recognize the INS's exclusive gatekeeper role. For instance, the Tenth Circuit upheld a condition prohibiting the defendant "from reentering 'the United States *until legally authorized to do so.*'" *United States v. Jalilian*, 896 F.2d 447, 449 (10th Cir.1990) (emphasis added); *see, e.g., United States v. Castillo–Burgos*, 501 F.2d 217, 220 (9th Cir.1974) (stating "district court may impose a condition of probation that *if* the defendant is deported, he may not return to the United States *without proper papers*" (first emphasis in original and other emphasis added)); David E. Rigney, Annotation, *Propriety, in Criminal Case, of Federal District Court Order Restricting Defendant's*

*Right to Re-enter or Stay in United States*, 94 A.L.R. Fed. § 2a, at 619 (1998) ("[A] Federal District Court, in sentencing a criminal defendant who is an alien, may properly require the defendant to obtain permission from the INS before re-entering the United States.").

6.  This answers the State's concern that because Arviso did not appeal from the original sentencing order he is precluded from challenging the no-return condition in his sentence. Like jurisdictional issues, an assertion that a sentence is illegal and thus void "should be raisable at any time." *State v. Brooks*, 908 P.2d 856, 860 (Utah 1995).

native but to permit defendant to withdraw his pleas of guilty. Even if a defendant, the prosecutor and the court agree on a sentence, the court cannot give effect to it if it is not authorized by law."); *Chae v. People,* 780 P.2d 481, 487 (Colo.1989) ("[W]e cannot uphold a plea bargain that has as its object an illegal sentence."); *Forbert v. State,* 437 So.2d 1079, 1081 (Fla.1983) ("It is a well-established principle of law that a defendant should be allowed to withdraw a plea of guilty where the plea was based upon a misunderstanding or misapprehension of facts considered by the defendant in making the plea. Hence when a defendant pleads guilty with the understanding that the sentence he or she receives in exchange is legal, when in fact the sentence is not legal, the defendant should be given the opportunity to withdraw the plea when later challenging the legality of the sentence."); *State v. Nemeth,* 214 N.J.Super. 324, 519 A.2d 367, 368 (1986) ("[T]here can be no plea bargain to an illegal sentence."). The policy underlying this rule is that "it may be unfair to hold the parties to an agreement the material terms of which have been vacated." *Rojas v. State,* 52 Md. App. 440, 450 A.2d 490, 494 (1982) (invalidating plea arrangement in which defendant agreed not to oppose deportation).

¶ 10 Arviso pleaded guilty "rel[ying] on the expectation that he would avoid imprisonment." *Id.* The State bargained with Arviso for a conviction expecting that it could forgo the expense and vagaries of a trial, while relying on the fact that Arviso would be removed as a threat to the public safety. *See id.* Sentencing Arviso to his original prison sentence or letting stand the suspended sentence without the illegal condition "would frustrate both parties' expectations." *Id.* Thus, "the fairest remedy is to rescind the entire plea agreement, including the guilty plea. This places the parties in their original positions, unprejudiced by the mistake of law." *Id.*

¶ 11 In the face of these well-settled propositions, we must allow Arviso to "withdraw his plea and plead anew" in the trial court. *Chae,* 780 P.2d at 486 (invalidating plea agreement with condition that defendant not return to United States). Arviso "may choose to stand trial or negotiate some other plea bargain." *Rojas,* 450 A.2d at 494.

¶ 12 Accordingly, we reverse the trial court's order ending its suspension of Arviso's sentence and remand to the trial court to allow Arviso to withdraw his guilty plea and to hold further proceedings consistent with this opinion.

¶ 13 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and GREGORY K. ORME, Judge.