2002 UT App 127

**STATE of Utah, Plaintiff and Appellee,**

v.

**Christopher Ray MARQUEZ, Defendant and Appellant.**

**No. 20000759–CA.**

Court of Appeals of Utah.

April 25, 2002.

Rehearing Denied May 23, 2002.

Maurice Richards and Jerald N. Engstrom, Public Defender Association, Ogden, for Appellant.

Mark L. Shurtleff, Attorney General, and Jeanne B. Inouye, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BILLINGS, GREENWOOD, and ORME.

## OPINION

GREENWOOD, Judge.

¶ 1 Defendant appeals his convictions for two counts of Theft, one a second degree felony, the other a third degree felony, both in violation of Utah Code Ann. § 76–6–404 (1999); Burglary of a Vehicle, a class A misdemeanor, in violation of Utah Code Ann. § 76–6–204 (1999); giving False Personal Information to a Law Enforcement Officer, a class C misdemeanor, in violation of Utah Code Ann. § 76–8–507 (1999); and Interfering with an Arrest, a class B misdemeanor, in violation of Utah Code Ann. § 76–8–305 (1999). Defendant claims there was insuffi-

cient evidence presented for the jury to find beyond a reasonable doubt that he was the actual person who obtained unlawful possession of the motor vehicle. Defendant also argues he received ineffective assistance of counsel. Because Defendant failed to preserve his insufficiency claim or argue plain error or exceptional circumstances on appeal, failed to marshal the evidence, and failed to adequately brief any of the issues, we decline to review them. Therefore, we affirm.

## BACKGROUND

¶ 2 On January 23, 2000, around 5:00 a.m., Martha Rojas backed her 1980 black Mercedes station wagon out of her garage to warm it up. Rojas went back inside her home and came out about fifteen minutes later, to find her car was gone. Rojas notified police.

¶ 3 Between 5:00 and 5:30 a.m., Brian Runkles was leaving his Ogden apartment to go to work when he saw a man with a flashlight trying to look through the frosted windows of his neighbor's yellow car. Runkles then saw the man, later identified as Defendant, looking at a red Dodge Shadow parked nearby and called 911 when he heard glass breaking. Runkles watched as Defendant carried items from the red car to a dark station wagon parked on the west side of the parking lot. As he observed Defendant, Runkles saw Defendant get into the trunk of the red car and pull the car's stereo speakers out. Runkles was reporting what he saw to the 911 dispatcher. As Defendant was removing additional stereo components from the red car, Runkles saw Officer Christensen pull up and run into the parking lot.

¶ 4 While carrying his last load from the red car, Defendant's flashlight got caught in the car and fell out of his hand. As Defendant turned around to see what had happened, he noticed Officer Christensen. Defendant dropped his load and took off running, as Officer Christensen yelled, "Stop, this is the police!" Defendant ran to the station wagon, started it, and tried to drive away. Officer Christensen chased Defendant to the station wagon and kicked through the driver's side window, knocking Defendant to the passenger side of the car,

causing the car to roll backwards. Officer Christensen drew his weapon and ordered Defendant to show his hands. Defendant opened the passenger side door, ran to a chainlink fence, and started to climb. Officer Christensen followed, grabbed Defendant, and pulled him down from the fence. Officer Christensen and Defendant continued to struggle until Officer Cottrell arrived and assisted in handcuffing Defendant. Inside the station wagon, the officers found stereo equipment taken from the red car. The station wagon was later identified as Rojas's Mercedes.

¶ 5 Defendant was charged with five criminal offenses. The jury found Defendant guilty of all five counts and this appeal followed.

## ANALYSIS

¶ 6 Defendant argues there was insufficient evidence for the jury to find beyond a reasonable doubt that Defendant took Rojas's station wagon without permission. Defendant further argues that he received ineffective assistance of counsel because counsel failed (a) to move to suppress evidence, and (b) failed to present evidence in support of Defendant's theory. However, we decline to rule on either of Defendant's claims because Defendant has failed to adequately brief the issues. "It is well established that a reviewing court will not address arguments that are not adequately briefed." *State v. Thomas,* 961 P.2d 299, 304 (Utah 1998). Under Rule 24 of the Utah Rules of Appellate Procedure, all briefs "must be concise, presented with accuracy, logically arranged with proper headings and free from burdensome, irrelevant, immaterial or scandalous matters. Briefs which are not in compliance may be disregarded or stricken, on motion or sua sponte by the court...." *See, e.g., State v. Jaeger,* 1999 UT 1, ¶ 31, 973 P.2d 404 (declining to address arguments because of failure to comply with rule 24).

¶ 7 We begin with Defendant's insufficiency of the evidence claim, which Defendant failed to preserved below. Rule 24 requires "a statement of grounds for seeking review of an issue not preserved in the trial

court." Utah R.App. P. 24(a)(5)(B). Defendant completely ignores the preservation rule in his brief. For Defendant to have preserved his sufficiency of the evidence claim, he must have raised it by proper motion or objection in the court below. *See State v. Holgate,* 2000 UT 74, ¶ 11, 10 P.3d 346 ("[A]s a general rule, claims not raised before the trial court may not be raised on appeal."). "[T]he preservation rule applies to every claim, including [sufficiency of the evidence], unless a Defendant can demonstrate that 'exceptional circumstances' exist or 'plain error' occurred." *Id.* Defendant failed to preserve the issue below and does not argue exceptional circumstances or plain error on appeal.

■ ¶ 8 However, even if this issue had been preserved, Defendant did not attempt to marshal the evidence in support of the jury's verdict, as is necessary when raising a claim of insufficient evidence. To prevail,

> an appellant must first marshal all the evidence that *supports* the trial court's findings. After marshaling the supportive evidence, the appellant then must show that, even when viewing the evidence in a light *most favorable to the trial court's ruling,* the evidence is insufficient to support the trial court's finding.

*State v. Gamblin,* 2000 UT 44, ¶ 17 n. 2, 1 P.3d 1108 (internal citations omitted).

¶ 9 In contrast, Defendant's sufficiency of the evidence argument consists of just a few paragraphs, citing cases addressing sufficiency of the evidence claims generally, and two short paragraphs that blatantly misrepresent the quantum of evidence presented at trial against Defendant. Counsel then concludes his argument by asserting that there was insufficient evidence to support Defendant's conviction. Counsel does not provide this court with any meaningful legal analysis of how the cases he cites require this court to reverse Defendant's convictions, or how they in any way support his bald assertions of insufficient evidence. "Thus, while 'emphasizing the evidence that supported his position,' Defendant has 'left it to the court to sort out what evidence actually supported the findings.' " *State v. Scheel,* 823 P.2d 470, 473 (Utah Ct.App.1991) (citation omitted).

■ ¶ 10 Defendant next argues he received ineffective assistance of counsel at trial. Defendant's argument consists of three paragraphs, one of which is a string cite of cases that repeat the standard for reviewing ineffective assistance claims. Defendant's complete argument under this section consists of the following:

> The record is clear at the end of the State's case, the Defendant put on no witnesses who would support his version that he did not commit the theft. He alleged in his pro se docketing statement that his Counsel was ineffective because he failed to move to suppress evidence, and failed to provide any defense for the Defendant.
>
> Had Counsel presented evidence to support the Defendant's contention that he did not commit the crimes charged or suppress evidence prejudicial to the Defendant, the result likely would have been different. Counsel[']s failure to present any evidence, whatsoever, left the jury with an easy alternative, that being to believe the State's case, that the Defendant was guilty of the counts charged.

This argument is devoid of any "meaningful analysis" or development. *Jaeger,* 1999 UT 1 at ¶ 31, 973 P.2d 404; *see also Thomas,* 961 P.2d at 305 (noting rule 24(a)(9) "requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority").

¶ 11 Defendant fails to mention what "prejudicial" evidence trial counsel should have attempted to suppress, or to cite any part of the record where this evidence may have been improperly admitted. In addition, while Defendant asserts that his trial counsel "put on no witnesses who would support his version," he does not allude to who those witnesses might be. Rule 24(9) of the Utah Rules of Appellate Procedure requires that "the argument shall ... contain the contentions and reasons of the appellant with respect to the issues presented ... with citations to the authorities, statutes, and parts of the record relied on." Utah R.App. P. 24(a)(9).

¶ 12 As with Defendant's sufficiency of the evidence argument, Defendant completely neglects to cite to the record or provide this court with any legal analysis or case law to support his contentions. "While failure to cite to pertinent authority may not always render an issue inadequately briefed, it does so when the overall analysis of the issue[s] is so lacking as to shift the burden of research and argument to the reviewing court." *Thomas,* 961 P.2d at 305. Defendant's failure is of the magnitude condemned in *Thomas.*

## CONCLUSION

¶ 13 Because Defendant failed to adequately brief his issues on appeal, we decline to address them and therefore have no occasion to disturb Defendant's convictions. Affirmed.

¶ 14 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and GREGORY K. ORME, Judge.