2002 UT App 135

**STATE of Utah, Plaintiff and Appellee,**

v.

**David Leroy LUCERO, Defendant and Appellant.**

**No. 20000920–CA.**

Court of Appeals of Utah.

April 25, 2002.

---

Maurice Richards, Public Defender Association, Ogden, for Appellant.

Brandon J. Maynard, Weber County Attorney's Office, Ogden, for Appellee.

Before Judges DAVIS, GREENWOOD, and THORNE.

## OPINION

GREENWOOD, Judge.

¶ 1 Defendant appeals his convictions for terroristic threat, a class B misdemeanor, in violation of Utah Code Ann. § 76–5–107 (1999); and threatening an elected official, a class B misdemeanor, in violation of Utah Code Ann. § 76–8–313 (1999). Defendant argues that there was insufficient evidence for the jury to find beyond a reasonable doubt that he made a terroristic threat or that he threatened to inflict bodily injury upon an elected official. Because Defendant failed to adequately brief his issues in compliance with Rule 24 of the Utah Rules of Appellate Procedure, we decline to review them. Therefore, we affirm.

## BACKGROUND

¶ 2 On January 31, 2000, Defendant had an appointment with his psychologist, Dr. Larry Carcelli. During this appointment, Defendant made statements that alarmed Dr. Carcelli. Dr. Carcelli testified that Defendant was depressed and very distraught about being denied disability benefits. Defendant complained that the social security agency felt he could work and yet would not provide him job training. Defendant told Dr. Carcelli that he wanted to "bring it to light" and that he felt "it might be a good idea to harm [Senator Pete Suazo] in order to get some public scrutiny around [inaudible] situation."

¶ 3 Defendant had earlier communicated with Senator Suazo by phone and by letter asking the Senator for help with his disability problems. Senator Suazo testified that he was unable to help Defendant, but had received Defendant's permission to fax his letter to a civil rights attorney. Dr. Carcelli testified that Defendant felt Senator Suazo had treated him in a rude manner and that Defendant "was chagrined" when Senator Suazo did not appear receptive to Defendant's plight. Defendant then told Dr. Carcelli that he had obtained Senator Suazo's address and had driven by his home. Dr. Carcelli testified that Defendant told him he was considering killing Senator Suazo. Dr. Carcelli told Defendant he was very concerned about his statements and had a legal obligation to report a threat like that but would be willing to work with Defendant if he kept in touch and committed to treatment. Defendant supplied no other details regarding his threat.

¶ 4 When Defendant failed to show up at Dr. Carcelli's office the next day as scheduled, Dr. Carcelli became concerned. He called Defendant the next morning but received a fast busy signal. Dr. Carcelli called the phone company and was told that Defen-

dant's phone was no longer in service. Dr. Carcelli called Senator Suazo's office at the Capitol and told his staff about Defendant's threat.

¶ 5 Trooper David Maycock, a member of the legislative security force, was notified of the threat and informed Senator Suazo that he needed to be placed into protective custody. Senator Suazo testified that he was scared and very concerned for the safety of his wife. Senator Suazo remained in protective custody until Defendant was apprehended.

¶ 6 Once Defendant was placed under arrest and read his Miranda rights, Sergeant Fred Baird of the Utah Criminal Investigative Bureau spoke with Defendant about the threats he had made. During his conversation with Sergeant Baird, Defendant described his frustration with being unemployed and unable to receive disability benefits. Defendant told Sergeant Baird that he was on anti-depressants and pain medication, but had stopped taking them thirty days before his arrest. Defendant admitted that he had expressed some "stupid thoughts" to Dr. Carcelli during his session. Defendant claimed that he would not have carried out those thoughts.

¶ 7 A jury found Defendant guilty on both counts. Defendant filed a motion to arrest judgment pursuant to Rule 23 of the Utah Rules of Criminal Procedure, arguing that the evidence was insufficient to sustain a conviction. The trial court denied Defendant's motion. Defendant was sentenced to probation for twelve months and ordered to complete 200 hours of community service and to reimburse the county $250 for his public defender. This appeal followed.

## ANALYSIS

¶ 8 Defendant argues there was insufficient evidence to find him guilty of making a terroristic threat and threatening an elected official. The State urges this court not to reach the issues because Defendant failed to comply with Rule 24 of the Utah Rules of Appellate Procedure. "It is well established that a reviewing court will not address arguments that are not adequately briefed."

*State v. Parra,* 972 P.2d 924, 926 (Utah Ct. App.1998); *see also Burns v. Summerhays,* 927 P.2d 197, 199–200 (Utah Ct.App.1996) (citing cases where this court has declined to reach merits of claims because appellants' briefs failed to comply with rule 24).

¶ 9 When considering arguments on appeal, we look to the requirements of rule 24 to determine whether an appellant has adequately briefed the issues. Rule 24 requires that an appellant's brief contain

[a] statement of the issues presented for review, including for each issue: the standard of appellate review with supporting authority; and

(A) citation to the record showing that the issue was preserved in the trial court

. . . .

Utah R.App. P. 24(a)(5)(A). In addition, this rule requires that "[t]he argument shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R.App. P. 24(a)(9).

¶ 10 First, Defendant failed to cite where in the record the issues concerning insufficiency of evidence or improper statutory interpretation were preserved for appeal as required by rule 24(a)(5)(A). Second, Defendant failed to set forth the proper standard of review to challenge a finding by a jury for insufficiency of the evidence. Instead, Defendant cites the standard of review as requiring reversal if the finding was "against the clear weight of the evidence." This is the standard of review for reviewing the sufficiency of the evidence in a bench trial, not a jury trial. *See State v. Larsen,* 2000 UT App 106, ¶ 10, 999 P.2d 1252 (stating standard of review is clear weight of the evidence when reviewing the sufficiency of the evidence in a bench trial); *State v. Hopkins,* 1999 UT 98, ¶ 14, 989 P.2d 1065 (stating that party challenging sufficiency of the evidence supporting jury verdict "must marshal the evidence in support of the verdict and then demonstrate that evidence is insufficient when viewed in the light most favorable to the verdict") (Citations omitted).

¶ 11 Third, Defendant's argument section failed to include any relevant citations, authority, or meaningful legal analysis that would support his allegations that the evidence was insufficient. For example, Defendant asserts that his "comment" that he had a thought to kill Senator Suazo was insufficient for a jury to find that he made a terroristic threat against the senator. Defendant quotes the section of the code under which he was convicted, then immediately thereafter quotes language from an entirely different statute dealing with witness tampering. *See* Utah Code Ann. § 76–8–508 (1999). Using the language from the witness tampering statute referring to a reasonable person standard, Defendant asserts that the jury in his case was under a duty "to determine whether a reasonable person would have understood the appellant's statement to be a threat of bodily injury." Defendant never cites any case law to support how these two completely different statutes are somehow analogous. Defendant then regurgitates portions of the facts, and, in his last paragraph, asserts that there was insufficient evidence for the jury to find "that the Defendant made a threat that a reasonable person could take seriously, without additional evidence of the reality of the threat." Defendant failed to cite a single case to support his contentions, asserted his argument using an irrelevant statute, and provided no legal analysis whatsoever.[1]

¶ 12 Similarly, Defendant's argument that the evidence was insufficient for a jury to find that Defendant made any threat to either "impede, intimidate or interfere with Senator Suazo's official duties as a State Senator" is inadequately briefed. Defendant asserts that Senator Suazo was acting outside his official duties when he assisted Defendant with his problem and since there is no indication that Defendant took any action to implement his statement, he cannot be convicted for violating section 76–8–313. Again, Defendant cites no applicable case law nor does he provide this court with any meaningful analysis on which to review his claims. Defendant has essentially "dump[ed]

the burden of argument and research" on this court. *State v. Gamblin*, 2000 UT 44, ¶ 6, 1 P.3d 1108 (citation omitted). "While failure to cite to pertinent authority may not always render an issue inadequately briefed, it does so when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998).

¶ 13 This court has stated in the past that the purpose of rule 24 is to "focus the briefs, thus promoting more accuracy and efficiency in the processing of appeals." *Burns v. Summerhays*, 927 P.2d 197, 199 (Utah Ct. App.1996).

> [T]o permit meaningful appellate review, briefs must comply with the briefing requirements sufficiently to enable us to understand ... what particular errors were allegedly made, where in the record those errors can be found, and why, under applicable authorities, those errors are material ones necessitating reversal or other relief.

*Id.* (quotations and citations omitted).

¶ 14 Defendant's argument section is six and a half pages. Of those six and a half pages, only three paragraphs set forth his argument. Because Defendant's brief fails to comply with the requirements or purpose of rule 24, it would be difficult for this court to review his claims.

## CONCLUSION

¶ 15 Defendant failed to provide adequate legal analysis or authority to support his contentions on appeal that would permit any meaningful review by this court. Due to Defendant's inadequate briefing, we affirm.

¶ 16 WE CONCUR: JAMES Z. DAVIS, and WILLIAM A. THORNE Jr., Judges.

---

1. For instance, Defendant did not cite *State v. Fixel*, 945 P.2d 149 (Utah Ct.App.1997) (holding mere utterance of a threat, without a specified intent, could not satisfy Utah Code Ann. § 76–8–316 (1999)), which may have application to his case.