2002 UT App 234

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kelly Lafe GARNER, Defendant and Appellant.**

**No. 20010462 CA.**

Court of Appeals of Utah.

July 11, 2002.

Maurice Richards and Jerald N. Engstrom, Ogden, for Appellant.

Mark L. Shurtleff and Joanne C. Slotnik, Salt Lake City, for Appellee.

Before Judges JACKSON, BILLINGS, and BENCH.

## OPINION

BILLINGS, Associate Presiding Judge:

¶ 1 Defendant Kelly Lafe Garner pleaded guilty to four counts of burglary, third degree felonies, in violation of Utah Code Ann. § 76–6–202 (1999), reserving the right to appeal the district court's denial of his motion to dismiss. Because Defendant's brief is inadequate under Rule 24 of the Utah Rules of Appellate Procedure, we decline to review his claims. We accordingly affirm.

## BACKGROUND

¶ 2 On June 14, 1999, Defendant was charged by information with four counts of burglary, third degree felonies, in violation of Utah Code Ann. § 76–6–202 (1999), three counts of theft, second degree felonies, in violation of Utah Code Ann. §§ 76–6–404 and 76–6–412(1)(a) (1999), two counts of criminal mischief, third degree felonies, in violation of Utah Code Ann. § 76–6–106 (1999), and one count of theft, a class B misdemeanor, in violation of Utah Code Ann. §§ 76–6–404 and 76–6–412(1)(d) (1999). The charges were

based on crimes committed in Weber County between November 1997 and March 1998.

¶ 3 In early May 1998, a co-defendant implicated Defendant in the crimes. Thereafter, Weber County authorities continued to investigate Defendant's involvement in the crimes. They contacted Defendant while he was in the Davis County Jail on other charges, and he agreed to talk with them upon his release. However, upon his release, Defendant fled the jurisdiction.

¶ 4 In June 1998, Defendant was incarcerated in the Colorado State Prison on criminal trespass charges. Sometime in early 1999, Weber County authorities learned Defendant was incarcerated somewhere in Colorado. On June 14, 1999, just over a year after commencing its investigation of Defendant, the Weber County prosecutor filed the informations charging Defendant with the Weber County offenses. Following a hearing on Defendant's motion to dismiss, the district court found that the State did not know where Defendant was incarcerated to lodge a detainer when the informations were filed.

¶ 5 In November 1999, Defendant was transferred to the Alabama State Prison for violating parole. At some point, the State became aware of Defendant's incarceration in Alabama. In June 2000, the State began the process of lodging a detainer under the Interstate Agreement on Detainers (IAD). *See* Utah Code Ann. § 77–29–5 (1999). The detainer was lodged on August 3, 2000.

¶ 6 On September 12, 2000, Defendant filed a 180 day demand for disposition under the IAD. *See id.* § 77–29–5, art. III(a). The demand was received by the State on October 2, 2000. On December 22, 2000, Defendant made his initial appearance before the district court and was appointed counsel from the Weber County Public Defender's Association. At his arraignment on January 4, 2001, Defendant waived a preliminary hearing and pleaded not guilty. A trial was set for February 5, 2001. On January 25, 2001, Defendant made a motion to strike the trial date, indicating that he planned to file a motion to dismiss on speedy trial grounds. On January 29, 2001, he filed the motion to dismiss alleging that the State improperly delayed filing the informations, violating his

right to due process, and negligently delayed filing a detainer, violating his right to a speedy trial. On April 19, 2001, Defendant pleaded guilty to four counts of burglary, reserving the right to appeal the denial of his motion to dismiss. On May 10, 2001, Defendant was sentenced to zero to five years on each count to run concurrently with each other and with his Alabama sentence. Defendant filed this appeal on May 31, 2001. On July 13, 2001, Maurice Richards and Jerald Engstrom, Weber County Public Defenders, entered their appearance as appellate counsel.

## ANALYSIS

¶ 7 In essence, Defendant claims the district court erred in denying his motion to dismiss alleging his federal and state due process and speedy trial rights were violated. *See* U.S. Const. amend. VI, XIV; Utah Const. art. I, §§ 7, 12. The State responds that we should not consider Defendant's claims because they are inadequately briefed under Rule 24 of the Utah Rules of Appellate Procedure. We agree with the State.

¶ 8 It is well established that Utah appellate courts will not consider claims that are inadequately briefed. *See, e.g., State v. Lucero,* 2002 UT App 135,¶ 8, 47 P.3d 107; *State v. Marquez,* 2002 UT App 127,¶ 12, 54 P.3d 637. Rule 24 requires that an appellant's brief contain "[a] statement of the issues presented for review, including for each issue: the standard of appellate review with supporting authority." Utah R.App. P. 24(a)(5). Further, each "argument shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R.App. P. 24(a)(9).

¶ 9 Defendant's brief first fails to comply with rule 24 because instead of properly challenging the district court's findings, *see* Utah R.App. P. 24(a)(9), Defendant makes contrary assertions without record support. Defendant asserts the State obtained "a full and complete" twenty page statement "from the

co-defendant on May 5, 1998, that clearly implicated ... Defendant in the crime[s]." Defendant then asserts the State "offered no excuse for the delay in filing the information[s], and there was no evidence the delay was caused by any action of ... Defendant." He also asserts the State "failed to file informations and detainers for some twenty months after the events occurred, where at all times the State knew where ... Defendant was housed." In so asserting, Defendant ignores the district court's findings that the co-defendant's statement was further developed over four to six months, authorities continued to investigate Defendant's involvement in the crimes through early 1999, Defendant fled the jurisdiction after he had agreed to talk with authorities upon his release from jail, the State was unaware of Defendant's whereabouts in Colorado when the informations were filed, and Defendant remained in the Alabama State Prison until shortly after the State became aware of Defendant's incarceration and lodged a detainer. Furthermore, the record shows the informations were filed approximately fifteen, not twenty, months after the last offense occurred, and the detainer was lodged approximately fourteen months after the informations were filed.

¶ 10 "If a lower court has erred in its written findings of fact, the proper procedure is for the complaining party to challenge those findings on appeal under our clearly erroneous standard of review." *MacKay v. Hardy,* 973 P.2d 941, 944 (Utah 1998). In the absence of a proper challenge to the findings, "we cannot conclude that those findings were clearly erroneous." *Id.* "Moreover, this court will not consider any facts not properly cited to, or supported by, the record." *Phillips v. Hatfield,* 904 P.2d 1108, 1109 (Utah Ct.App.1995) (quotations and citations omitted).

¶ 11 Defendant's brief also violates rule 24 because it fails to "set forth a coherent statement of the issues or standard of review for each issue." *State v. Yates,* 834 P.2d 599, 602 (Utah Ct.App.1992). The statement of the "issues" presented provides that the issue for review is whether the district court committed "reversible error when it ruled that state-ments of ... Defendant and evidence obtained by a search of ... Defendant would not be suppressed." The brief then provides the standard of review for the denial of a motion to suppress evidence. However, the remainder of the brief has nothing to do with the suppression of evidence. The jurisdictional statement indicates the issue on appeal is whether the State's delay in filing a detainer violated Defendant's right to a speedy trial.

¶ 12 Furthermore, Defendant's claims are "devoid of any 'meaningful analysis.' " *Marquez,* 2002 UT App 127 at ¶ 10 (citation omitted). "[R]ule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Thomas,* 961 P.2d 299, 305 (Utah 1998). Defendant quotes relevant constitutional provisions. He cites *State v. Jensen,* 818 P.2d 551 (Utah 1991); *State v. Russell,* 2000 UT App 359, No. 990846–CA, slip op., 2000 WL 33249956 (Dec. 14, 2000); and *State v. Leyva,* 906 P.2d 910 (Utah Ct.App.1995); but fails to clearly analyze "what this authority requires and ... how the facts of [his] case satisfy these requirements." *Thomas,* 961 P.2d at 305. Although he lists facts of *Doggett v. United States,* 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), and "the criteria listed therein for assessing [alleged speedy trial violations,]" he "does not present any meaningful analysis dealing with the application of [*Doggett* ] to this case." *State v. Helmick,* 2000 UT 70,¶ 7, 9 P.3d 164. When a party fails to offer any meaningful analysis regarding a claim, we decline to reach the merits. *See, e.g., State v. Thomas,* 1999 UT 2,¶ 13, 974 P.2d 269; *State v. Jaeger,* 1999 UT 1,¶ 31, 973 P.2d 404; *Thomas,* 961 P.2d at 305; *State v. Price,* 827 P.2d 247, 250 (Utah Ct.App.1992). The argument section of Defendant's brief is five and a half pages. Of those pages, only three paragraphs set forth defense counsels' cursory argument. Because Defendant's brief utterly fails to explain why any of the cases cited compel this court to reverse the district court, we decline to reach the merits of Defendant's claims.

¶ 13 This is not the first time defense counsel, publicly funded contract attorneys, have failed to adequately brief claims of indigent defendants who have no choice as to their representation.[1] As we recently instructed defense counsel:

[T]o permit meaningful appellate review, briefs must comply with the briefing requirements sufficiently to enable us to understand ... what particular errors were allegedly made, where in the record those errors can be found, and why, under applicable authorities, those errors are material ones necessitating reversal or other relief.

*Lucero*, 2002 UT App 135 at ¶ 13, 47 P.3d 107 (alterations in original) (quotations and citations omitted). Moreover,

[i]f the questions involved in a case are of sufficient importance to justify asking this court to decide them, they are worthy of careful consideration of counsel presenting them. ... It is the duty of attorneys practicing in this court to present ... authorities supporting their views and to assist the court in reaching a correct conclusion.

*Thomas*, 1999 UT 2 at ¶ 13, 974 P.2d 269 (quotations and citations omitted) (second alteration in original).

¶ 14 Accordingly, we affirm.

¶ 15 We Concur: NORMAN H. JACKSON, Presiding Judge and RUSSELL W. BENCH, Judge.

---

1. For cases with inadequate briefing by Maurice Richards and Jerald Engstrom, see *State v. Waldron*, 2002 UT App 175, 51 P.3d 21; *State v. Candelaria*, 2002 UT App 141, No. 20010476–CA, slip op., 2002 WL 845244 (May 2, 2002); *State v. Marquez*, 2002 UT App 127, 54 P.3d 637; *State v. Snarr*, 2002 UT App 41, No. 20010083–CA, slip op., 2002 WL 257672 (Feb. 14, 2002). For cases with inadequate briefing by Maurice Richards see *State v. Helmick*, 2000 UT 70, ¶¶ 6–7, 9 P.3d 164; *State v. Lucero*, 2002 UT App 135, 47 P.3d 107; *State v. Perry*, 2002 UT App 4, No. 20000756–CA, slip op., 2002 WL 44182 (Jan. 10, 2002); *State v. McCloy*, 2000 UT App 128, No. 990117–CA, slip op., 2000 WL 33249032 (May 4, 2000); *State v. Arviso*, 1999 UT App 381, ¶ 4, 993 P.2d 894.