MEMORANDUM DECISION
 

 McHUGH, Associate Presiding Judge:
 

 T1 Plaintiffs Ryan and Lene Morford (the Morfords) appeal from the trial court's order granting summary judgment in favor of the Division of Child and Family Services (DCFS) on the Morfords' negligence and breach of contract elaims.
 
 [1]
 
 We affirm.
 

 12 The Morfords' complaint alleges that DCFS breached various contractual duties and acted negligently in connection with (1) the placement of B.M., a minor, in the Mor-fords' foster care; (2) the Morfords' subsequent adoption of B.M.; and (8) the ultimate relinquishment of the Morfords' parental rights. Shortly after the Morfords adopted B.M., they discovered that B.M. and another minor in the Morfords' foster care had sexu
 
 *1210
 
 ally abused the Morfords' biological daughter. Upon the Morfords' report of the abuse, B.M. was removed from the home. After B.M. pleaded guilty to one count of sexual abuse, the juvenile court ordered that he be placed in the interim custody of DCFS pending a final placement determination. B.M. remained in the custody of the state while he was detained at a juvenile detention facility and during his subsequent stay at a juvenile sex offender treatment facility.
 
 [2]
 
 At several review hearings while B.M. was undergoing treatment, the juvenile court continued to order that it was in B.M.'s best interest to remain in the state's custody. During this time, the Morfords decided to relinquish their parental rights to BM. The Morfords claim that they made this decision after the assigned caseworker misrepresented several facts to them. The Morfords argue that the caseworker told them that B.M. did not want to return to the Morfords' home, when B.M. had, in fact, expressed a desire to do so.
 
 [3]
 

 T3 In their complaint, the Morfords assert that DCFS was negligent and breached its contractual duties set forth in an adoption agreement entered into by the Morfords and DCFS. The Morfords allege that DCFS failed to provide reunification services that would have resulted in B.M. being returned to their home and that the caseworker's misrepresentation about B.M.'s desire to remain with them caused the Morfords to relinquish their parental rights. DCFS filed separate motions for summary judgment, seeking dismissal of the contract and negligence claims. In the motions, DCFS argued that the Mor-fords' negligence claim failed because DCFS had no duty to provide reunification services and because the state was immune from suit. DCFS also argued that the contract claims failed because there was no contract between the Morfords and DCFS that would require DCFS to provide reunification services after the adoption was finalized. The trial court entered summary judgment against the Mor-fords.
 

 1 4 On appeal, the Morfords claim that the trial court's rulings were in error. However, because we conclude that the Morfords' brief is inadequate for failing to comply with both the formatting and substantive requirements of rule 24 of the Utah Rules of Appellate Procedure, see Utah R.App. P. 24 (discussing briefing requirements and sanctions that may be imposed where briefs are inadequate), we do not reach the merits of the Morfords'® arguments.
 
 [4]
 
 A See Beehive Tel. Co. v. Public Serv. Comm'n, 2004 UT 18, ¶¶ 13-14, 16, 89 P.3d 131 (disregarding portions of an appellant's brief that failed to meet "simple formatting requirements" and "the substantive rule requirements").
 

 15 Rule 24(a)(8) requires that an appellant submit a "table of authorities with cases alphabetically arranged and with parallel citations, rules, statutes and other authorities cited, with references to the pages of the brief where they are cited." Utah R.App. P. 24(a2)(8). Although the Morfords' brief in
 
 *1211
 
 cludes a table of authorities, it appears that the table of authorities was prepared for a different brief; the table of authorities refers to cases and statutory provisions that are not cited or discussed in the text of the brief, while the cases and statutory provisions discussed in the brief are not actually listed in the table of authorities.
 
 [5]
 
 The table of authorities included in the Morfords brief therefore fails to comply with the requirements of rule 24(a)(8).
 

 T6 The Morfords'® brief also omits the text of the statutes and rules that the Morfords argue are dispositive of the case. Rule 24(a)(6) requires determinative statutes and rules to "be set out verbatim" in the brief or, "if the provision is lengthy," requires a citation to the determinative provision in the brief with the full text included as an addendum to the brief, Id. R. 24(a)(6). Although the Morfords cite to statutory and rule provisions in the argument section of their brief, the full text of the provisions is not included, either in the brief or as an addendum to it. Thus, the brief fails to comply with rule 24(a)(6).
 

 17 More important is the failure of the Morfords'® brief to comply with rule 24(a)(5), which requires a "citation to the record showing that the issue was preserved in the trial court," id. R. 24(a)(5)(A), and rule 24(e), which requires factual assertions to be supported by citations to the record, see id. R. 24(e). The Morfords' statement of facts contains no citations to the record whatsoever. The entire brief contains only two references to documents in the record, and those references do not cite or refer to the paginated record on appeal, as required by rule 24(e), see id. (requiring a party to make references "to the pages of the original record as paginated pursuant to [rJjule 11(b)").
 

 T8 Indeed, this case illustrates the importance of citing to the paginated record on appeal. In their brief, the Morfords argue that DCFS had a duty to provide reunification services based on two facts: (1) that the Morfords and DCFS entered into agreements in the form of service plans, wherein DCFS agreed to provide reunification services; and (2) that the juvenile court ordered DCFS to provide reunification services. However, we are unable to review those claims because we cannot locate a copy of the service plan or the alleged juvenile court order in the record, and the brief contains no citation to the documents referred to as such. Accordingly, we do not address the merits of those arguments. See generally In re W.A., 2002 UT 127, 1 45, 68 P.3d 607 ("It is not our obligation ... to comb the record for evidence." (internal quotation marks omitted)); Koulis v. Standard Oil Co. of Cal., 746 P.2d 1182, 1184 (Utah Ct.App.1987) (stating that we will not "consider any facts not properly cited to, or supported by, the record" (internal quotation marks omitted)).
 

 19 Turning to the substantive requirements of rule 24, we likewise conclude that the Morfords' brief does not meet the requirements of rule 24(a)(9), which provides that the argument section "shall contain the contentions and reasons of the appellant with respect to the issues presented ..., with citations to the authorities, statutes, and parts of the record relied on," Utah R.App. P. 24(a)(9). This "requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." State v. Thomas, 961 P.2d 299, 305 (Utah 1998); see also MacKay v. Hardy, 973 P.2d 941, 948 (Utah 1998) (stating that the rules require citation to "relevant authorities").
 

 1 10 Here, the Morfords assert that DCFS had a duty to provide reunification services under Utah Code section T8A-6-312(2), see Utah Code Ann. $ 78A-6-312(2) (Supp. 2010).
 
 [6]
 
 However, as DCFS correctly notes, both in the trial court and in its brief on appeal, another statutory provision expressly states that the processes discussed in section
 
 *1212
 
 T8A-6-312 "are not applicable to a minor who," like B.M., was removed from his home "on a basis other than abuse or neglect" and was, instead, "placed in custody primarily on the basis of delinguent behavior or a status offense." Id. § 78A-6-401 (2008) (emphasis added). The Morfords fail to provide any reasoned analysis of why section 78A-6-812 is relevant to a determination of whether DCFS had a duty to provide reunification services to B.M., who was removed and incarcerated for delinquency.
 

 {11 The Morfords also argue that DCFS had a duty to provide reunification services under the Due Process Clause of the Fourteenth Amendment, see U.S. Const. amend XIV, $ 1. While the Morfords' brief does cite cases for the proposition that "parents have a fundamental liberty interest in maintaining family relationships with their children," In re M.A.V., 786 P.2d 1081, 1033 n. 2 (Utah Ct.App.1987),
 
 [7]
 
 the brief contains no analysis of those authorities, including why that liberty interest would give rise to a duty on DCFS's part to provide reunification services in this case. Instead, the brief makes the conclusory statement that DCFS was acting "in a manner that is contrary to the Morfords' parental rights" by not providing reunification services, and that DCFS "had a duty to protect the liberty interest of the Morfords." That argument consists of nothing more than "bald citations to authority" without any "development of that authority [or] reasoned analysis based on that authority," which does not meet the rule 24(a)(9) standard, Thomas, 961 P.2d at 305; see also Allen v. Friel, 2008 UT 56, ¶9, 194 P.3d 903 ("An appellate court is not a depository in which [a party] may dump the burden of argument and research." (alteration in original) (internal quotation marks omitted)). Thus, we likewise decline to reach the merits of that arguments
 
 [8]
 
 See generally State v. Garner, 2002 UT App 234, ¶12, 52 P.3d 467 ("When a party fails to offer any meaningful analysis regarding a claim, we decline to reach the merits.").
 

 {12 For similar reasons, we also do not address the merits of the Morfords' argument that DCFS breached its contractual duties under the adoption agreement. In support of that argument, the Morfords' brief fails to cite to the contracts or any other authority that would support their argument. Rather, the brief concludes, without analysis, that the caseworker's alleged misrepresentations and DCFS's failure to provide information and services "constitutes a breach of contract." Such a conclusory statement, particularly where the Morfords fail to identify any specific contractual language relevant to the issue, does not provide this court with the type of "meaningful legal analysis" that is necessary for us to review the Morfords claim that DCFS breached the adoption agreements. See State v. Gomez, 2002 UT 120, ¶ 29, 68 P.3d 72 (internal quotation marks omitted); see also Garner, 2002 UT App 234, ¶ 12, 52 P.3d 467.
 

 113 In sum, the brief submitted by the Morfords is inadequate because it does not comply with either the formatting or the substantive requirements of rule 24 of the Utah Rules of Appellate Procedure. The brief contains a table of authorities that refers to a completely different brief, omits any citations to the record, and does not contain the full text of the determinative statutes and rules. Most significantly, the argument seetion of the Morfords' brief does not contain any meaningful legal analysis supported by relevant authorities that would enable this court to consider the Morfords' arguments.
 

 
 *1213
 
 Accordingly, we conclude that the brief submitted by the Morfords is wholly inadequate. We affirm the trial court's orders.
 

 T 14 WE CONCUR: WILLIAM A. THORNE JR., and MICHELE M. CHRISTIANSEN, Judges.
 

 [1]
 

 . The Morfords' complaint also alleged several other claims, but those claims were dismissed by the trial court and the Morfords do not challenge the dismissal of those claims on appeal.
 

 [2]
 

 . While housed at the treatment facility, BM. was in the legal custody of the Department of Human Services, not DCFS.
 

 [3]
 

 . DCFS disputes that the caseworker misrepresented B.M.'s desire to the Morfords, and evidence in the record indicates that B.M. stated "'that he did not want to return [to the Morfords'] home" because the Morfords were "stepping back from" their involvement with B.M. and his treatment in order "to assess what level and how they will be involved in [his] life." (Second alteration in original.) For the purpose of our analysis of the trial court's grant of summary judgment, however, we assume that the caseworker's statement was false. See generally Bodell Constr. Co. v. Robbins, 2009 UT 52, ¶ 16, 215 P.3d 933 (stating that in reviewing the trial court's grant of summary judgment, "we view the facts and all reasonable inferences in the light most favorable to the nonmoving party").
 

 [4]
 

 . The Morfords submitied both an opening brief and a reply brief. However, their reply brief raises many issues for the first time. The rules of appellate procedure plainly state, a reply brief is "limited to answering any new matter set forth in the opposing brief," Utah R.App. P. 24(c), and it is generally inappropriate for this court to consider issues raised for the first time in a reply brief, see Allen v. Friel, 2008 UT 56, ¶8, 194 P.3d 903; see also Maak v. IHC Health Servs., 2007 UT App 244, ¶ 30, 166 P.3d 631 (declining to address issues raised for the first time in a reply brief in order "to prevent the resulting unfairness to the respondent if an argument or issue was first raised in the reply brief and the respondent had no opportunity to respond" (internal quotation marks omitted)).
 

 [5]
 

 . In the reply brief, the Morfords' counsel asserted that the incorrect table of authorities was included because an associate attorney failed to prepare and correct counsel's table of authorities. However, the responsibility for the content of materials filed with the court falls upon the attorney who signs the submission. See Utah R.App. P. 40(a).
 

 [6]
 

 . Because the substantive provisions of the statute are unchanged, we cite to the current version of the statute as a convenience to the reader.
 

 [7]
 

 . The Morfords' brief states that this language comes from the case of In re J.D.M., 808 P.2d 1122 (Utah Ct.App.1991). However, the quote cannot be found in that decision. Instead, the language the brief references was actually stated by this court in In re M.A.V., 736 P.2d 1031, 1033 n. 2 (Utah Ct.App.1987).
 

 [8]
 

 . The Morfords' brief also fails to address this court's prior holding that "[rleunification services are a gratuity provided to parents by the [Jegislature, and [a juvenile offender's parents] thus have no constitutional right to receive these services." In re N.R., 967 P.2d 951, 955-56 (Utah Ct.App.1998). Likewise, the Morfords provide no analysis as to why their negligence claim, based on DCFS's alleged "misrepresentation," would not be barred on sovereign immunity grounds. See Utah Code Ann. § 63G-7-301(5)(F) (2008) (providing that immunity from suit is not waived "if the injury arises out of, in connection with, or results from: ... a misrepresentation by an employee whether or not it is negligent or intentional").