IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100710-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 9, 2012) |
| Lloyd Franklin Vit, | ) | |
| | ) | 2012 UT App 219 |
| Defendant and Appellant. | ) | |

-----

Second District, Ogden Department, 081901837
The Honorable Scott M. Hadley

Attorneys:     Randall W. Richards and Brittany R. Brown, Ogden, for Appellant
               Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee

-----

Before Judges Thorne, Roth, and Christiansen.

THORNE, Judge:

¶1     Lloyd Franklin Vit appeals his convictions of possession of a dangerous weapon by a restricted person, *see generally* Utah Code Ann. § 76-10-503 (2008), and possession of a controlled substance, *see generally* Utah Code Ann. § 58-37-8 (Supp. 2011).  We affirm.

¶2     In 2004, Weber County Sheriff's Deputy Haney and other agents from the Weber/Morgan Narcotics Strike Force began investigating Vit on suspicion of narcotics and illegal firearm activity.  Deputy Haney wanted to obtain enough evidence to get a search warrant for Vit's property and had asked other deputies "to keep an eye on the property."  On August 29, 2005, Deputy Haney received a call from one of his fellow

deputies, informing him that there were police officers at Vit's property. Deputy Haney and his team quickly drove to the property, hoping to find evidence for their own investigation.

¶3     When they arrived, Deputy Haney spoke with Officer Thomas of the Ogden City Police Department, who was there investigating a report of a stolen backhoe on the property. Officer Thomas informed Deputy Haney that Vit, who himself had just arrived at the property, had agreed to let Officer Thomas look around the property. Deputy Haney then spoke with Vit, who reconfirmed that all of the officers could "look around" the property. At this time, Deputy Haney and Vit were both unaware that, shortly prior to their arrival at the property, Officer Thomas had climbed over a locked gate to access the property, inspect the backhoe, and conclusively determine that it was stolen.

¶4     Vit, Deputy Haney, Officer Thomas, and the other officers drove onto the five-acre property to where some trailers and the backhoe were located. Vit indicated that he lived in one of the trailers and unlocked it. Vit and Officer Thomas entered the trailer together as Deputy Haney and the other officers began looking around outside. Shortly thereafter, someone inside the trailer called to Deputy Haney, and Deputy Haney went to the open doorway where he observed guns and drug paraphernalia in plain view inside the trailer.

¶5     Deputy Haney immediately told the other officers on site to stop their search while he went to get a search warrant in order to keep everything "aboveboard." Once Deputy Haney obtained a warrant, officers resumed their search and found multiple firearms, methamphetamine, and paraphernalia. This evidence led to Vit's convictions by jury for possession of a controlled substance and possession of a dangerous weapon by a restricted person.[1]

¶6     On appeal, Vit claims that Officer Thomas's initial warrantless entry onto his property to inspect the backhoe constituted an illegal search and that the later-discovered gun and drug evidence should therefore have been suppressed as "'fruit of

---

[1]Vit was charged separately with one count of theft by receiving, arising from his possession of the stolen backhoe. That case was resolved by plea bargain and is not directly at issue in this appeal.

the poisonous tree.'" *See State v. Deherrera*, 965 P.2d 501, 505 (Utah Ct. App. 1998) (quoting *Wong Sun v. United States*, 371 U.S. 471, 488 (1963)). However, Vit never sought to suppress the evidence in the district court, and his suppression argument is therefore not preserved for appeal. *See generally State v. Maese*, 2010 UT App 106, ¶ 13, 236 P.3d 155 ("[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." (internal quotation marks omitted)). Recognizing this preservation problem, Vit argues that his counsel provided ineffective assistance by failing to file a motion to suppress and that the district court committed plain error by failing to suppress the evidence sua sponte. *See generally State v. Cram*, 2002 UT 37, ¶ 4, 46 P.3d 230 (identifying plain error and ineffective assistance of counsel as exceptions to the preservation rule).

¶7     In order to demonstrate ineffective assistance of counsel, Vit must show that "'(1) trial counsel rendered deficient performance which fell below an objective standard of reasonable professional judgment, and (2) counsel's deficient performance prejudiced [the defendant].'" *State v. Brooks*, 2012 UT App 34, ¶ 14, 271 P.3d 831 (alteration in original) (quoting *State v. Chacon*, 962 P.2d 48, 50 (Utah 1998)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that the district court committed plain error, Vit must show "that (i) [a]n error exists; (ii) the error should have been obvious to the [district] court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *State v. Holgate*, 2000 UT 74, ¶ 13, 10 P.3d 346 (first alteration in original) (internal quotation marks omitted). In the context of this case, both of Vit's arguments require a showing that the gun and drug evidence would properly have been suppressed under the Fourth Amendment. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious . . . in order to demonstrate actual prejudice."); *State v. Bradley*, 2002 UT App 348, ¶ 41, 57 P.3d 1139 ("To establish plain error, a defendant must show[ that] an error did in fact occur.").

¶8     Vit's appellate brief does little to establish that the gun and drug evidence should have been suppressed. His entire argument, summarized, is that this evidence was illegally obtained because it would not have been discovered "but for" Officer

Thomas's illegal entry onto Vit's property to inspect the backhoe.[2]  Assuming that Officer Thomas's initial entry onto Vit's property was in fact illegal,[3] Vit fails to acknowledge or account for what very much appear to be his independent acts of consent in allowing the officers to "look around" his property and enter his trailer.  *See generally State v. Arroyo*, 796 P.2d 684, 688 (Utah 1990) (rejecting a pure "but for" test in suppression cases in favor of the exploitation test enunciated in *Wong Sun v. United States*, 371 U.S. 471 (1963)); *State v. Newland*, 2010 UT App 380, ¶ 27, 253 P.3d 71 (concluding that police did not exploit an illegal search to obtain consent where the defendant was unaware of the prior search when he consented).

¶9      "It is well established that Utah appellate courts will not consider claims that are inadequately briefed."  *State v. Garner*, 2002 UT App 234, ¶ 8, 52 P.3d 467.  "A brief must go beyond providing conclusory statements and fully identify, analyze, and cite its legal arguments."  *West Jordan City v. Goodman*, 2006 UT 27, ¶ 29, 135 P.3d 874 (internal quotation marks omitted).  "This analysis requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority."  *Id.* (internal quotation marks omitted).  Here, Vit fails to adequately brief the argument that the gun and drug evidence was obtained through exploitation of Officer Thomas's initial entry onto Vit's property, particularly in light of Vit's subsequent acts of consent.

---

[2]Vit also suggests that a suppression motion would necessarily have been meritorious because, in his separate case arising from possession of the stolen backhoe, he reached a favorable plea deal after filing a motion to suppress.  This suggestion is less than persuasive for a number of reasons—the suppression motion was never ruled on, the backhoe evidence was much more closely related to the alleged police illegality, and the State's motives in allowing Vit to plead guilty to a reduced charge are not a matter of record.

[3]The State does not concede that Officer Thomas's initial entry onto Vit's property was illegal, arguing that Officer Thomas's actions may well have been permissible under the "open fields" doctrine.  *See Oliver v. United States*, 466 U.S. 170, 182–84 (1984) (holding that there is no reasonable expectation of privacy in "open fields" despite fences, gates, locks, and "no trespassing" signs).  We need not decide this issue, and we simply assume for purposes of the analysis that the initial entry was illegal.

¶10   Because Vit has not established that the gun and drug evidence was obtained through exploitation of a Fourth Amendment violation by Officer Thomas, Vit has not established either ineffective assistance of his trial counsel for failing to file a motion to suppress or plain error by the district court in failing to suppress the evidence sua sponte.  Accordingly, we affirm Vit's convictions.

_____

William A. Thorne Jr., Judge

-----

¶11   WE CONCUR:

_____

Stephen L. Roth, Judge

_____

Michele M. Christiansen, Judge